## ECKERT v. BURNET, COMMISSIONER OF INTERNAL REVENUE.

No. 351.   Argued March 19, 1931.—Decided April 13, 1931.

*Mr. Henry T. Dorrance,* with whom *Mr. C. R. Dewey* was on the brief, for petitioner.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Solicitor General Thacher, Assistant Attorney General Youngquist* and *Messrs. Sewall Key, J. Louis Monarch,* and *John G. Remey,* Special Assistants to the Attorney General, and *Erwin N. Griswold* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The Commissioner of Internal Revenue determined that there was a deficit of $3,378.89 in the petitioner's income tax for the year 1925 under the Revenue Act of 1924. The petitioner claimed a deduction from income of $22,400 as a bad debt. The deduction was disallowed by the Commissioner, by the Board of Tax Appeals and, in

review, by the Circuit Court of Appeals for the Second Circuit. 42 F. (2d) 158. A writ of certiorari was allowed by this Court.

The petitioner's tax return was on the cash basis. The facts of the transaction concerned were that the petitioner and his partner were joint endorsers of notes issued by a corporation that they had formed. There remained due upon these notes $44,800, that the corporation was unable to pay. In 1925 the petitioner and his partner in settlement of their liability made a joint note for that sum to the bank that held the corporation's paper, received the old notes, marked paid, and destroyed them. The petitioner claims the right to deduct half that sum as a debt " ascertained to be worthless and charged off within the taxable year," under the Revenue Act of 1926, c. 27, § 214 (a) (7); 44 Stat. 9, 27.

It seems to us that the Circuit Court of Appeals sufficiently answered this contention by remarking that the debt was worthless when acquired. There was nothing to charge off. The petitioner treats the case as one of an investment that later turns out to be bad. But in fact it was the satisfaction of an existing obligation of the petitioner, having, it may be, the consequence of a momentary transfer of the old notes to the petitioner in order that they might be destroyed. It is very plain we think that the words of the statute cannot be taken to include a case of that kind. We do not perceive that the case is bettered by the fact that some of the original notes years before were given for property turned over to the corporation by the partnership that formed it. For the purpose of a return upon a cash basis, there was no loss in 1925. As happily stated by the Board of Tax Appeals, the petitioner " merely exchanged his note under which he was primarily liable for the corporation's notes under which he was secondarily liable, without any outlay of cash or property having a cash value." A deduction may be per-

missible in the taxable year in which the petitioner pays cash. The petitioner says that it was definitely ascertained in 1925 that the petitioner would sustain the losses in question. So it was, if the petitioner ultimately pays his note. So was the tax considered in *United States* v. *Mitchell,* 271 U. S. 9, 12, but it could not be deducted until it was paid.

*Judgment affirmed.*