**In re PARK'S ESTATE.**

**PARK v. COMMISSIONER OF INTERNAL REVENUE.**

No. 344.

Circuit Court of Appeals, Second Circuit.

May 23, 1932.

George M. Morris and Frederick L. Pearce, both of Washington, D. C. (KixMil-

ler, Baar & Morris, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Harold Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

It is claimed that the $100,000 is deductible from 1924 income as a loss under the provisions of section 214 of the Revenue Act of that year (26 USCA § 955). If so, the deduction must fall within some one of subdivisions (4), (5), (6), or (7), of section 214 (a), 26 USCA § 955 (a) (4–7). They follow so far as material.

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

"(6) Losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft; * * *

"(7) Debts ascertained to be worthless and charged off within the taxable year. * * * "

 It is possible to eliminate subdivision (6) with only the observation that it could apply but in the respect that it relates to losses from theft and plainly means theft from the taxpayer. As nothing was stolen from this petitioner, he cannot maintain his claim under the theft provision even if it is assumed that a loss has been shown. Just as a corporation is, all idea of fraud aside, regarded as an entity separate and distinct from its stockholders, Eisner v. Macomber, 252 U. S. 189, 214, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, so does a theft from the corporation differ from a theft from a stockholder.

█ To maintain it under either subdivision (4) or (5), the petitioner must prove that he sustained a loss during the taxable year. The bank did sustain a loss. Had the petitioner not made the contribution he did when he supplied the additional funds to the bank, it may be taken for granted that he would have sustained a loss also, though it is not possible to determine from this record how much that would have been or in what year it would have been ascertained. His stock would have been worthless but for his contribution. Yet we do not know what that stock was worth before or later. He may have been personally liable because of some failure in his duty to the bank in permitting its business to be conducted in such a way that the treasurer could misappropriate its funds. But all this is mere speculation. No such claim was made so far as we know and certainly no liability on any such ground was admitted by the petitioner. He did not put in his $100,000 in additional money in settlement of any recognized legal liability so to do. He acted wholly as an honorable gentleman who was determined that no one should lose through the mismanagement of a bank of which he was the president and a director. What he recognized was a moral and not a legal duty. His conduct was in every way commendable. He did, indeed, use an additional $100,000 of his money to save the bank, but the fact remains that he did save it and kept his stock from becoming worthless. Whether he ever suffered any loss or not does not appear. All we now know is that he increased his investment in the bank. If we assume, arguendo, that his connection with this bank was an engagement either in trade or business, or was a transaction entered into for profit though not connected with trade or business, voluntary additions to his investment though made to avoid a loss that would otherwise have to be taken, and made under circumstances which left no choice but to contribute or lose, increased his capital investment. Had the petitioner's stock been assessable and been assessed, whatever he had been obliged to pay because of the assessment would not have been a deductible loss but a contribution to capital. First National Bank of Wichita et al. v. Commissioner (C. C. A.) 46 F.(2d) 283. So where a stockholder sees fit to contribute additional funds to the capital account of the bank when his stock cannot be assessed, he has merely added to the cost of his stock. His contribution may be turned into a loss by subsequent events, but until such a result is shown no deductible loss under section 214 of the 1924 act can be proved.

Such a contribution as the petitioner made cannot be isolated from his other services to and dealings with the bank and possibly be considered by itself as a trade or business. Taken with them he has failed to

prove a loss since the venture as a whole may have been profitable for all we know. If isolated and treated as a transaction not connected with a trade or business, it would be beyond reason to call it one entered into for profit, so that section 214 (a) (5) would apply, when obviously the $100,000 was put into the bank to discharge a moral obligation and prevent loss rather than with the expectation of profit as such. Compare Stephenson v. Commissioner (C. C. A.) 43 F.(2d) 348.

Nor were the options on coal lands, which were assigned to the petitioner and were in fact worthless, and the claims assigned to him, debts ascertained to be worthless and charged off during the taxable year. There was no change in their value after the petitioner acquired them so far as the proof shows. If they should be treated as debts at all, they were debts taken as debts for whatever they may have been worth, and there was nothing to charge off, since they did not decrease in value after the petitioner got them. See Eckert v. Burnet, 283 U. S. 140, 51 S. Ct. 373, 75 L. Ed. 911.

The decision of the Board of Tax Appeals is affirmed.