J. Edgar Davidson, Executor, and Mary E. Davidson, Executrix, of the Estate of R. J. Davidson, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 41174. Promulgated July 29, 1932.

*Montgomery B. Angell, Esq., Otis T. Bradley, Esq.,* and *Marvin Lyons, Esq.,* for the petitioners.

*George R. Sheriff, Esq.,* for the respondent.

OPINION.

LEECH: Whether the transaction detailed in the findings of fact created an indebtedness to the taxpayer on the part of his son depends upon the intention of the taxpayer in the transfer of the se-

curities. *Jacob Grossman*, 9 B. T. A. 643. If taxpayer's intention was that his son be permitted to use the securities as a pledge and return them when no longer needed and also to pay him their value in case of sale by the pledgee, the transaction would leave the son indebted as claimed by petitioners. However, if the intent was that the son return the securities when no longer needed by him, but that in the case of their sale by the pledgee, his son would not be indebted to him for their value, no indebtedness would arise. *Hattie Wolff*, 26 B. T. A. 622.

The evidence from which we must draw our conclusion is meager. It is well settled that a transfer of money or other property by a father to a son is presumed to be a gift or advance rather than a loan. *Storey* v. *Storey*, 214 Fed. 973. However, such presumption is not conclusive, but may be rebutted by a sufficient showing of intent to the contrary. *William M. Fleitmann, Jr., et al., Executors*, 22 B. T. A. 1291; *Redfield* v. *Eaton*, 53 Fed. (2d) 693; *Elizabeth N. C. Hetherington*, 20 B. T. A. 806.

The record shows that the transfer of these securities was made by the taxpayer upon a request by his son to establish a credit upon which he might draw to protect his equity in a stock-trading account. We think the evidence of his discussion of the matter with another son before making the transfer and his final agreement thereto after that son expressed the belief that the need for the securities was only temporary, is sufficient to show that it was the taxpayer's intention that these securities be returned to him if not sold to satisfy the indebtedness of the pool account. However, in the face of the contrary presumption and without additional evidence, may we conclude that it was the taxpayer's intention that his son pay him or remain indebted to him for the value of these securities in case they were sold by the broker? There was no specific agreement between petitioner and his son and we have no evidence indicating that after the securities were sold by the brokers petitioner considered an indebtedness as existing. The taxpayer died in 1930 and it does not appear that the son and daughter, who are the executors of his estate and who, it is assumed, realize what his intention was in respect to this matter, have listed any indebtedness of R. J. Davidson, Jr., as an asset of the estate or charged against him in the settlement of the estate any indebtedness owing to the decedent.

We do not think that the transfer of property by a father to a son with the understanding that it be returned if not lost by him is sufficient basis for a presumption of intention that the value of the property be paid by the son in case of its loss. It appears that such is the situation here. However, even in the event that petitioners' contention with respect to the intent of the taxpayer in the transfer

of these securities could be sustained and an indebtedness held to have been created on the part of the son, such indebtedness would not be subject to a charge-off by the taxpayer as a worthless debt. It is shown that the transfer of these securities by the taxpayer was with the knowledge that the use to which they were to be put was a most hazardous one and that their sale by the pledgee would only be under conditions leaving his son utterly unable to pay an indebtedness of this amount. It appears, further, that the securities were in no sense sold by the taxpayer to his son, but that he permitted their use merely as security. It is clear that they remained the property of the taxpayer, subject to the right of the pledge to sell them if necessary. Any increase in their value while held by the pledgee was to the benefit of the taxpayer, and if the transaction did give rise to an indebtedness on the part of the son, such indebtedness arose only upon the contingency of the sale of the securities by the pledgee. *Osterloh* v. *Lucas*, 37 Fed. (2d) 277. The happening of such contingency would necessarily leave the son bankrupt, the debt would be wholly worthless and uncollectible when it came into existence, and there would consequently be no value represented by it to be charged off by the taxpayer. *Eckert* v. *Burnet*, 283 U. S. 140.

We have noted carefully the recent opinion of the Circuit Court of Appeals for the Second Circuit in *Shiman* v. *Commissioner*, 60 Fed. (2d) 65, reversing a decision of the Board which denied a bad debt deduction growing out of a guarantee by the taxpayer of certain brokerage accounts of his brother-in-law. In that case a substantially different situation was presented. Here, we have a case of a transfer by a father to his son with knowledge of the critical condition of the latter's affairs, in which the father had no interest other than that arising from his paternal interest in his son's welfare. In the *Shiman* case there was a guarantee of brokerage accounts of a brother-in-law at a time when the latter was known to be solvent and in certain of these accounts the taxpayer himself owned a part interest.

Our conclusion is that as a result of the transaction in question the taxpayer had no indebtedness due him, on account of these securities transferred to his son, for which he was entitled to take credit as a debt ascertained to be worthless and charged off in the taxable year.

Petitioners assert no claim to this deduction as a loss and manifestly it does not represent a deductible loss as the transaction was neither in the course of a trade or business nor entered into for profit.

*Judgment will be entered for the respondent.*