*818 OPINION.
Lansdon:
On the facts as above set out the respondent has held that the agreement to sell petitioner’s mine was not an executed contract of sale on July 2, 1922, and that there is no basis in law upon which the profits realized from such sale may be accrued on that date. He has determined a cost of the property in the amount of $601,417.50 and a profit of $648,582.50. Holding that at every payment date there was doubt as to whether any future payments would be made, he has applied the successive payments first to the recovery of cost and has determined tax liability on amounts received after such recovery. On this basis he has held that petitioner is taxable on income realized in 1923 and 1924 in the respective amounts of $398,582.50 and $250,000, and has determined the deficiencies here in controversy.
The petitioner contends that the contract of sale was executed on July 2, 1922, and that, being on the accrual basis of accounting, under the provisions of section 213 (a) of the Revenue Act of 1927 it was required to accrue in that year and return as income all profit realized from the transaction. In its return for 1922 petitioner reported $250,000 in its gross income as profit realized from the sale. Upon audit the respondent increased such reported profit to $648,-582.50, which the petitioner now agrees is the amount of gain realized from the sale.
*819 The parties have tried and briefed this proceeding on the assumption that the main issue is whether the agreement in question is a contract of a sale executed on July 2, 1922, or an option to purchase which resulted in an executed sale on the date of the last payment in 1924. The agreement contains no provision under which the purchaser could be required to convert it into an executed contract of sale. The payment of $249,000 on July 2, 1922, was conditioned on a favorable report as to petitioner’s power to transfer title. The payment of $500,000 on February 1, 1923, was to be made only after the purchaser had entered and explored the mine. The payments of $250,000 each on August 1, 1923, and February 1, 1924, depended entirely on decisions which could be made only by the purchaser, who had executed no obligations in the form of notes or mortgages. The agreement provided for all contingencies that might result from the failure of the purchaser to observe all its terms and mate all the deferred payments. In these circumstances, we think it immaterial whether the instrument in question was a continuing option or contract of sale finally executed at the date of the last payment. In any event it was not a contract of sale executed on July 2, 1922. The real question relates to the date or dates at which the payments became taxable income to the petitioner.
It is now well settled that deductions contingent on future events may not be accrued for income tax purposes. Commissioner v. Old Dominion S.S. Co., 47 Fed. (2d) 148; Acme Coal Co. v. United States, 44 Fed. (2d) 195; S. Naitove & Co., 8 B.T.A. 589; aff'd., 32 Fed. (2d) 949; certiorari denied, 280 U.S. 582. The courts have generally applied the same rule to the’accrual of income. In Schoellkopf Analine & Chemical Works v. United States, 3 Fed. Supp. 417, it was held that, “An item accrues when all events have occurred necessary to fix the liabilities of the parties concerned therewith and to determine the amount of such liabilities.” In Burnet v. Logan, 283 U.S. 404, the Court said:
In order to determine whether there has been gain or loss, and the amount of the gain, if any, we must withdraw from the gross proceeds an amount sufficient to restore the capital value that existed at the commencement of the period under consideration. Doyle v. Mitchell Bros. Co., 247 U.S. 179, 184, 185, 38 S. Ct. 467, 469, 62 L. Ed. 1054. Revenue Act 1916 § 2, 39 Stat. 757, 758; Revenue Act 1918, c. 18, 40 Stat. 1057. Ordinarily, at least, a taxpayer may not deduct from gross receipts a supposed loss which in fact is represented by his outstanding note. Eckert v. Burnet, 283 U.S. 140, 51 S. Ct. 373, 75 L. Ed. — (April 13, 1931). And, conversely, a promise to pay indeterminate sums of money is not necessarily taxable income. Generally speaking, the income tax law is concerned only with realized losses, as with realized gains. Lucas v. American Code Co., 280 U.S. 445, 449, 50 S. Ct. 202, 203, 74 U. Ed. 538.
On the above cited authorities and in the light of the facts herein, we think it clear that the profit realized from the sale of petitioner’s *820 mine was not accruable as income in 1922. The petitioner contends that as it kept its accounts on the accrual basis, it was required to accrue its profit from the sale of its mine as and when received. The Commissioner, however, is authorized to reject the accounting method of any taxpayer if income is not truly reflected thereby. In this proceeding he has determined that there was no income in 1922 and we think that determination and his further finding that income was realized only after cost had been recovered must be affirmed.
Reviewed by the Board.

Deoision will be entered for the respondent.