MACDONALD ENGINEERING COMPANY (ILLINOIS) PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61148, 62319. Promulgated November 3, 1936.

*George Clark, Esq.,* for the petitioner.
*G. W. Brooks, Esq.,* for the respondent.

4

OPINION.

LEECH: The only question left for our determination is whether the debt of the Western Milling Co. to Macdonald Engineering Co. of California is deductible in computing the present deficiency.

The applicable Revenue Act of 1928, in section 23 (j), allows the deduction of "Debts ascertained to be worthless and charged off within the taxable year * * *."

It may well be that the disputed deduction would not be allowable here if petitioner had filed a separate return for 1929, on the ground that the debt was worthless when petitioner received it in that year. *Eckert* v. *Commissioner*, 283 U. S. 140.

But that is not the situation here.

Petitioner, the parent company, filed a consolidated return of income for 1929, which included the taxable income of a subsidiary, Macdonald Engineering Co. of California. That consolidated income is the basis for the pending deficiency. Thus, here, though we may not have jurisdiction to determine the tax liability of the Macdonald Engineering Co. of California for 1929, as such, we do have the authority and duty to decide what that consolidated income was. That fact is necessarily premised partially upon the net income of Macdonald Engineering Co. of California for that year. The validity of the present deduction to that company in 1929 is clearly required in that computation. See *Burnet* v. *Aluminum Goods Manufacturing Co.*, 287 U. S. 544.

Did Macdonald Engineering Co. of California "ascertain" the debt to be worthless and "charge it off" in 1929? We think it did.

Here was a debt of approximately $95,000, secured by real estate of a value exceeding $600,000. The only indebtedness against such property prior to the debt in question was a first mortgage of $210,- 000 and an underlying mortgage of $90,000. It is true that in 1926 the holder of a third trust for $200,000 sued upon the debt, secured judgment, and sold the property under execution. But the title transferred under such sale was apparently subject to the prior mortgage and did not diminish the security for the debt in dispute. But, whether that conclusion is correct or not, in view of the value of the security and the litigation involving the title to the property constituting that security, which was not terminated until 1929, we think Macdonald Engineering Co. of California had a right, and, in fact, a duty, to wait until the termination of that litigation before it

could be said to have ascertained the debt to be worthless and charged it off. *Burnet* v. *Huff*, 288 U. S. 156.

The taxpayer in such cases may not be an incorrigible optimist, nor yet a confirmed pessimist. He must follow the middle course, and exercise only the judgment of the ordinary person under the circumstances. As this Board said in *Clara Burdette*, 25 B. T. A. 692; affd., 69 Fed. (2d) 410:

It is obvious that the statute here applicable intended that the taxpayer, and not the law, should determine when bad debts were to be considered worthless in his hands, requiring only that good faith be shown. The provision here discussed has been many times construed by the courts and this Board, and it has been always held that it is the date of ascertainment of worthlessness by the taxpayer, and not of the worthlessness as later facts might develop, which governs. *Jones* v. *Commissioner*, 38 Fed. (2d) 550; *Stephenson* v. *Commissioner*, 43 Fed. (2d) 348; *Murchison National Bank*, 1 B. T. A. 617; *Samuel Bird*, 4 B. T. A. 259; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *Mitten* v. *Commissioner*, 11 B. T. A. 731; *Mrs. R. B. Lawler, Executrix*, 17 B. T. A. 1083; *Ida C. Calloway, et al., Executors*, 18 B. T. A. 1059; *American Warehouse Co.*, 19 B. T. A. 8. In *United States* v. *Frost*, 25 Fed. Cas. 1221, No. 15,172, this identical provision, then a part of the income-tax law of 1864, came before the United States District Court for the Northern District of Illinois for construction; the question being whether or not the judgment of the taxpayer, in respect to a similar claim, should prevail as against facts indicating worthlessness at a different date. Respecting the language used in that law, which was identical with the recitals here considered in section 214, *supra*, the court, among other things, said:

The language is "to ascertain to be worthless." By whom or how? The law is silent on this important point, and, therefore, there must be a discretion given to the person making his return, and if that discretion is used fairly and honestly there would seem to be no just ground for complaint.

There has been no change of opinion expressed by the courts in respect to the construction put upon this provision of the tax laws since the early decision just cited; and in *American Trust Co.* v. *Commissioner*, 31 Fed. (2d) 47, the court, in recognition of the fallibility of human judgment, held that, to entitle the taxpayer to take such a deduction, the ascertainment need not be absolute and that a claim may be duly ascertained to be worthless though later it may prove to be in fact collectible.

It follows, from this holding, that in a reverse situation, where an over optimistic taxpayer erred in judgment, the same *good faith* when exercised in ascertainment of worthlessness must be the only criterion by which we can determine his rights. In support of this view, the court in *Jones* v. *Commissioner*, *supra*, said:

In the light of subsequent events, it is quite easy now to determine that the debt was worthless before 1921; but the real question with which we are concerned is, not when did the debt become worthless, but when did decedent ascertain it to be worthless.

Thus, the disclosure of reasonably material facts, establishing the uncollectibility of the debt, did not occur until 1929. Then, and

not before, did Macdonald Engineering Co. of California ascertain its worthlessness.

Moreover, Macdonald Engineering Co. of California effectively charged the debt off in 1929 for income tax purposes.

The obligation was obviously worthless when the debt was transferred by Macdonald Engineering Co. of California to petitioner. It was then known by both parties to be so. Petitioner gained nothing and Macdonald Engineering Co. of California received nothing for it. No consideration passed. True, petitioner credited the open account of Macdonald Engineering Co. of California with the amount of the debt. But neither the adventitious similarity between the debt and credit, nor the book entries reflecting them, changed the fact of worthlessness. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179.

In such transfer, Macdonald Engineering Co. of California actually and absolutely eliminated the worthless debt from its assets, and received nothing therefor. This was an effective charge-off. *Dillon Supply Co.*, 20 B. T. A. 404; *George H. Fraser*, 6 B. T. A. 997.

When petitioner credited the account receivable of Macdonald Engineering Co. of California, in the amount of the debt, the petitioner merely increased its investment by that amount in the stock of its subsidiary.

The right to a possible second deduction predicated upon this item will be presented and denied, if and when a loss in that stock occurs. See *Burnet* v. *Aluminum Goods Manufacturing Co.*, *supra*; *Burnet* v. *Riggs National Bank*, 57 Fed. (2d) 980; *Park* v. *Commissioner*, 58 Fed. (2d) 965. But that circumstance does not preclude the allowance of the present bad debt deduction. See *Burnet* v. *Aluminum Goods Manufacturing Co.*, *supra*.

Respondent argues that the transaction was an intercompany one, and therefore not effective here. But, the debt, which is the subject of the contested deduction, was not an intercompany debt, and the intercompany transaction with reference to that debt has been effectually eliminated. The purported intercompany transfer of the debt was, in fact, and we have so held, a transfer of nothing. It was intended to be and was an effective charge-off of the bad debt by Macdonald Engineering Co. of California.

Respondent contends supplementally that the case of *J. C. Hawkins*, 34 B. T. A. 918, concludes petitioner here. The answer is that the *Hawkins* case involved a fundamentally different question— whether a loss was sustained by a debtor whose property was sold under foreclosure. Our inquiry is, When was a debt ascertained to be worthless and charged off?

We are deciding here that Macdonald Engineering Co. of California could not and did not, reasonably, ascertain the worthlessness

of the Western Milling Co. debt and charge it off until it was conclusively determined that the Western Milling Co. had lost its only property from which the debt could have been paid.

The loss on that property by Western Milling Co. may have been sustained in 1927 at the conclusion of its redemption period. *J. C. Hawkins, supra.* But the fact of that loss, upon which the contested debt became worthless, was not reasonably ascertainable by Macdonald Engineering Co. of California until 1929 when it was so ascertained and charged off.

> *Decision will be entered for the respondent in Docket No. 61148, and under Rule 50 in Docket No. 62319.*