*541 OPINION.
Sternhagen :
The deduction in 1932 of the $50,000 paid on account of the guaranty; the deduction in 1933 of the additional $50,000 *542 paid on account of the guaranties and the $22,222.22 paid on account of the endorsement of the company’s note; and the deduction in 1934 of $22,222.22 paid on account of the endorsement, were all disallowed by the Commissioner, on the grounds, stated in the deficiency notices, that the payment by a shareholder of a corporation’s indebtedness represents additional cost of his shares and that at the time of the endorsements the corporation was insolvent, with no prospect of ever being able to repay. Neither ground supports the determination.
There is no general rule that a payment by a shareholder to his corporation or to one of its obligees to relieve it of an existing obligation is per se a contribution by him to its capital which augments the cost of his shares. The question is controlled by the circumstances in which the payment is made. If there is intent that the payment shall enlarge the stock investment* the shareholder may not for tax purposes treat it otherwise to support a loss or a bad debt deduction. Whether there is such intent, actual or to be implied, is determinable upon evidence which may vary in different cases. Cf. J. S. Maubaules, 20 B. T. A. 359; W. F. Bavinger, 22 B. T. A. 1239.
The evidence here is clear. When petitioner made his payments, both on his endorsements and his guaranties, he had no illusions about the condition of the corporation and no intention to invest more capital. He paid only because he was legally obligated to do so, and the obligation was not an incident of his being a shareholder but was incurred with the intention of creating a potential debtor and creditor relation. To attribute to him an intention to invest more money in the corporation’s shares is contrary to the express evidence and not a fair inference from the circumstances. And it is equally clear that there was no intention to make a gift.
The petitioner made his return on the basis of actual receipts and disbursements, and his deductions are therefore available in the year of payment and not in a prior year of accrual, Eckert v. Burnet, 283 U. S. 140. At the time of his payments, his prior endorsements and guaranties operated to make him immediately a creditor and the corporation his debtor. Hence the fact of his payment gave rise to no deduction. A loan never does. Instanter it became worthless and was ascertained to be so and charged off, and thus the statutory deduction was literally met, Shiman v. Commissioner, 60 Fed. (2d) 65, and is no less available to petitioner because he was a shareholder than if he were an unrelated money lender.
The deductions were all properly taken, and the Commissioner’s determination is reversed.

Judgment will be entered under Rule 50.