E. D. PERRY, AS EXECUTOR OF THE ESTATE OF FRANK O. GREEN, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88343.   Promulgated April 19, 1938.

*E. D. Perry, Esq.*, and *C. B. Knobbe, C. P. A.*, for the petitioner.
*James C. Maddox, Esq.*, for the respondent.

OPINION.

SMITH: The applicable provision of the taxing statute to the question presented by this proceeding is section 303 of the Revenue Act of 1926, which, in so far as material, reads as follows:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes.

On brief the respondent contends that the evidence of record in this proceeding does not show that the $12,000 claimed as a deduction for the support of the widow was "reasonably required" for the support of the widow during the settlement of the estate; that there is no evidence that the estate is still in process of settlement as contended by the petitioner; and that the full amount of $12,000 was not "actually expended" within the meaning of the statute.

We are of the opinion that the contentions of the respondent do not derive support from the fact that the evidence of record does not show that the full amount of $12,000 was reasonably required for the widow's support or that the evidence does not show that the estate is still in process of settlement. The disallowance of $10,000 of the claimed deduction was not based upon any such grounds. We therefore confine our consideration only to the third contention made by the respondent, namely, that the full amount of the $12,000 claimed as a deduction for the widow's support has not actually been expended by the estate.

The petitioner contends that under the law and decisions of the State of Iowa an amount allowed for the support of decedent's dependents during the administration of the estate is considered to be an administration expense. The argument made is that the $12,000 allowed by the court is a deduction from the gross estate either as an administration expense or as a claim against the estate, both of which are allowed as deductions from the gross estate under section 303 (a) (1) of the Revenue Act of 1926.

The petitioner's contention that the Iowa law and the decisions of the courts of Iowa are controlling in determining whether the allowance of $12,000 is a legal deduction from the gross estate is without legal support. Congress has authority to tax the transfer of the net estate. Congress, likewise, has authority to determine the manner in which the amount of the net estate shall be determined. The taxing statute carries its own criteria for the determination of the net estate. Where Congress has specifically determined what amounts shall be allowed as deductions from the gross estate in the determination of the net estate the laws of the state in which the estate is being administered have no binding force. See *Burnet* v. *Harmel*, 287 U. S. 103, and cases therein cited.

From an inspection of section 303 (a) (1) of the Revenue Act of 1926 it is seen that Congress has permitted the deduction from gross estate of numerous classifications of expenses. It has provided an entirely separate classification for the deduction of allowances for the support of dependents during the period of administration. The language of the statute is "such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent." The respondent has disallowed the deduction of $10,000 of the amount claimed for the widow's allowance upon the ground that the money has not been actually expended by the estate. When relating to financial transactions the word "expended" ordinarily has the meaning of paid out or disbursed. See *Adams* v. *Prather*, 176 Cal. 33; 167 Pac. 534, 538. We have no doubt that this is the meaning in which Congress used the term. Furthermore, the word "expended" in the statute is qualified by the word "actually." The meaning of Congress in this provision is not ambiguous. If the amount claimed as the widow's allowance has not actually been paid out, we think it follows, as night the day, that the amount has not been actually expended.

But the petitioner contends that the amount was actually expended by reason of the fact that the executor gave a note to the widow evidencing the obligation of the estate to make the payment. This contention of the petitioner must be denied. The giving of a promissory note is not the equivalent of the payment of a debt. See *Eckert* v. *Burnet*, 283 U. S. 140; *Edmond A. Hughes*, 27 B. T. A. 1022; *S. E. Thomason*, 33 B. T. A. 576. The execution by the petitioner and the delivery of the note to the widow changed the form of the obligation to pay the widow's allowance, but it did not pay it. The assets of the estate in the executor's hands were not reduced thereby. Where an allowance to the widow is not "actually expended", that is "paid out", it is not a legal deduction from the gross estate. See *Commissioner* v. *Strauss*, 77 Fed. (2d) 401.

The stipulated facts in this case show that the amount of the widow's allowance actually expended by the estate during the period of settlement was not exactly $2,000. Total payments on the note to September 30, 1937, inclusive, amounted to $4,850. These payments included interest and, in some cases, a part of the principal. The portion that represents interest is not a legal deduction from gross income as the widow's allowance actually expended by the estate. The portion that represents principal is a legal deduction. The adjustment will be made in the Rule 50 computation.

*Judgment will be entered under Rule 50.*