THE CELINA MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.*

Docket No. 109281. Promulgated October 30, 1942.

*Robert D. Touvelle, Esq.,* for the petitioner.
*Lawrence R. Bloomenthal, Esq.,* for the respondent.

---

* Prior to October 22, 1942, this report was approved for promulgation.

**OPINION.**

HILL: The sole issue of this proceeding is whether or not petitioner is to be allowed a deduction for salaries accrued but not paid in cash within the taxable year or 2½ months thereafter.

Respondent disallowed for each taxable year that part of the salaries which petitioner did not so pay in cash. The disallowance was made under the provisions of section 24 (c) of the Revenue Act of 1936 as amended by section 301 of the Revenue Act of 1937, the Revenue Act of 1938, and the Internal Revenue Code.[1] He contends that the notes were not payment but merely represented a change in the name of the liability accounts.

The petitioner contends that, since the officers accepted the notes in full payment of the accrued but unpaid salaries, petitioner paid within 2½ months after the close of the taxable years all salaries due.

Petitioner rests its case solely on the contention that section 24 (c) (1) does not apply to the facts here. It makes no claim that 24 (c) (2) or (3) does not apply. From this we may reasonably assume that petitioner acknowledges that section 24 (c) (2) and (3) are applicable. Unquestionably subdivision (3) of such section so applies. The record is silent as to whether the officers of petitioner are on an accrual or cash basis of accounting. We, therefore, resolve the question of whether subdivision (2) of such section is applicable to the facts here against the petitioner and hold that it is so applicable.

We have then for determination only the question whether the issuance and acceptance of the notes here involved constitute payment within the meaning of section 24 (c) (1). On the authority of the principle announced in *Helvering* v. *Price*, 309 U. S. 409, and *Eckert* v. *Burnet*, 283 U. S. 140, we hold that the issuance and acceptance of the notes here involved do not constitute payment within the meaning of such statute. We hold, further, that subdivisions (1), (2), and (3) of section 24 (c) coexist under the facts of this proceeding and that, therefore, the determination of the respondent herein should in all respects be sustained.

*Decision will be entered for the respondent.*

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

\* \* \* \* \* \*

(c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).