Federal Oil Company v. Commissioner.
Federal Oil Co. v. Commissioner
Docket No. 110223.
United States Tax Court
1943 Tax Ct. Memo LEXIS 354; 1 T.C.M. (CCH) 930; T.C.M. (RIA) 43186; April 21, 1943
*354 Preston Calvert, Esq., for the petitioner. D.D. Smith, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent determined a deficiency in petitioner's income tax liability of $5,509.38 for the calendar year 1940, and a deficiency in excess-profits tax liability for the same year of $4,508.35. Respondent also determined a 25 percent penalty in the amount of $1,127.09 for failure of petitioner to file an excess-profits tax return within the time prescribed by law. On brief respondent admits that petitioner is entitled to an excess-profits credit sufficient to eliminate the asserted excess-profits tax liability, and now concedes that there is no deficiency in excess-profits tax or penalty, due from petitioners for 1940. This leaves in controversy only the income tax deficiency, which results entirely from the disallowance by respondent of a bad debt deduction claimed by petitioner in the amount of $172,655.47. Section 23 (k) of the Internal Revenue Code, as amended by section 124 of the Revenue Act of 1942, applicable to the year 1940, provides that in computing net income there shall be allowed as deductions "debts which become worthless within the taxable year." *355 In the deficiency notice respondent explained that the deduction claimed for bad debts had been disallowed "for the reason there has been insufficient evidence submitted to prove that the amount claimed as bad debts constitutes an allowable deduction in the taxable year." The Commissioner's determination of a deficiency is presumed to be correct, and the burden is upon the taxpayer to show that it is erroneous. Welch v. Helvering, 290 U.S. 111, (12 AFTR 1456). In order to overcome such prima facie presumption in this case, the burden is upon petitioner to prove (1) that the debt in question was a valid and subsisting debt, and (2) that it became worthless in the taxable year. We think the petitioner has wholly failed to prove the essential facts. It is alleged and admitted in the pleadings that petitioner is a Texas corporation, with its principal office at Dallas. Only one witness testified at the hearing, and a single document, listing the assets and liabilities of Bennett Oil Corporation at December 31, 1940, as shown by its books of account, was offered in evidence. Petitioner's witness stated on direct examination that the Bennett *356 Oil Corporation owned the Bennett Oil & Gas Company, which in turn owned the Federal Oil Company, petitioner herein. However, on cross examination, the witness testified that one Frank W. Bennett was the principal stockholder of petitioner, owning 87 percent of its stock, and that he also owned all of the stock of Bennett Oil Corporation. In 1940 and for several years prior thereto, this witness was chief accountant for the Bennett Oil Corporation, and at the time of the hearing, and during part of the year 1940, was employed by petitioner as chief accountant; he was also chief accountant for two or three other corporations. The further testimony of the witness, pertinent here, may be summarized as follows: Bennett Oil & Gas Company was a Louisiana corporation, and was indebted to the Federal Oil Company in an undisclosed amount. Bennett Oil Corporation forwarded to the Louisiana corporation, "a certificate of their checks on account." Certain of these checks held by the Bennett Oil & Gas Company were transmitted to the Federal Oil Company in the summer or early fall of 1940 for application on that company's account with Federal. The checks were seven in number, dated in February *357 and March 1940, and were for the total amount of $162,789.94. At that time petitioner had an unsecured account on its books against the Bennett Oil Corporation for an additional amount of at least $9,865.53. The checks in question were not issued by the Bennett Oil Corporation in payment of its obligation to petitioner; they were issued to the Bennett Oil & Gas Company. The Bennett Oil Corporation "went into the Federal Court under the Bankruptcy Act on November 1, 1940," and "went into the hands of the Receiver." The amount of the checks and open account, totaling $172,655.47 was charged off the books of Federal Oil Company as worthless at December 31, 1940. The statement of assets and liabilities of Bennett Oil Corporation, per books at December 31, 1940, petitioner's exhibit 1 disclosed assets of $5,433,669.16 and total liabilities of $6,375,575.18. Liabilities exceeded assets in the amount of $941,906.02, but such liabilities included reserves for depreciation, depletion and intangible drilling costs, and capital stock and capital surplus, all in the aggregate amount of $653,196.24. Thus, it appears that the liabilities to creditors exceeded book value of assets available to pay *358 creditors only to the extent of $288,709.78. While statements contained in a taxpayer's brief do not constitute evidence which may be considered in deciding an issue, certain alleged facts stated in the brief of petitioner herein throw some light on the confusing and incomplete picture presented by the evidence. Attached to petitioner's reply brief are purported copies of the seven checks in controversy, made payable to Bennett Oil & Gas Company, Inc., and endorsed by the payee to petitioner "without recourse to us." In its brief, petitioner says that it accepted these checks in 1940 in full payment of the indebtedness due to it from the Bennett Oil & Gas Company, Inc.; that the latter corporation was a solvent, responsible company, managed and operated entirely by its president, one W. P. Weber; that Frank W. Bennett, who owned 100 percent of the stock of the Bennett Oil Corporation and 87 percent of petitioner's stock, owned only 43 percent of the stock of Bennett Oil & Gas Company. These statements taken at their face value would indicate that in 1940 petitioner agreed to and did accept worthless checks of the Bennett Oil Corporation in full payment of a valid indebtedness owing *359 to it from an independent and solvent corporation. To explain this somewhat unusual transaction, petitioner says in its brief that the president of the Bennett Oil & Gas Company, a Louisiana corporation, demanded that some adjustment be made of the accounts which that corporation had with the two corporations owned or controlled by Frank W. Bennett; that is, the account evidencing an obligation owing by the Louisiana corporation to petitioner, Federal Oil Company, and the account owing by the Bennett Oil Corporation to the Louisiana company. To effect such adjustment, Bennett, acting for petitioner, agreed that petitioner would accept the checks of the Bennett Oil Corporation issued to the Louisiana company in payment of the amount owed to petitioner by the Louisiana company. So far as shown by the record, these checks had no more value when received by petitioner than at December 31, 1940, when they were charged off its books as worthless. Petitioner's version of the transaction, then, is in effect that it cancelled, without hope of reimbursement, a valid and collectible debt owing to it by the Louisiana corporation in order to enable Bennett's wholly owned corporation to discharge *360 its obligation to the Louisiana corporation. These circumstances, even if established by petitioner. A debt which is worthless when acquired is not within the statute allowing bad debt deductions. Eckert v. Burnet, 283 U.S. 140, (9 AFTR 1413), affirming 42 Fed. (2d) 158, (8 AFTR 11067); Ellen Hyde Scovill, 36 B.T.A. 1214, 1222 reversed on another ground sub nom. Moore v. Commissioner, 101 Fed. (2d) 704, (22 AFTR 578). However, disregarding petitioner's statements by way of explanation or argument on brief, the proof submitted falls measurably short of establishing its right to a deduction for a bad debt. Assuming without deciding that there was in fact a valid subsisting debt, it is not shown that it became worthless in the taxable year. We are not informed of the nature of the action instituted in the bankruptcy court, involving petitioner's debtor, Bennett Oil Corporation. So far as we know from the record it may have been based on a petition for reorganization under section 77-B of the Bankruptcy Act, and such a *361 proceeding might well have resulted in the ultimate recovery by petitioner of a substantial portion of its debt. There is also a complete lack of evidence to show that, notwithstanding the checks in question were endorsed by the Louisiana company without recourse, that company was relieved of its original liability to petitioner upon failure of the Bennett Oil Corporation to pay the checks. Furthermore, there is no proof that demand for payment of the checks was made and refused, or that the checks were in fact uncollectible. Here inference or conjecture may not be substituted for proof of essential facts. For lack of proof to show error, the income tax deficiency determined by respondent is approved. The deficiencies in excess-profits tax and penalty are disapproved, pursuant to respondent's admissions. Decision will be entered in accordance with the foregoing opinion.