## KEITH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 75.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1944.

Benjamin Mahler, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and John F. Costelloe, Sewall Key, Helen R. Carloss, and Carolyn E. Agger, Sp. Assts. to the Atty. Gen., for respondent Commissioner of Internal Revenue.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The taxpayer was the owner of two participating insurance policies in the Equitable Life Assurance Society. The dividends paid thereon could either be withdrawn or applied to the reduction of the premiums due. On or about August 4, 1939, the taxpayer owed the insurance company $18,844.33 which he had borrowed against the security of his policies. On that date he executed two applications for loans totalling $1,862.27 and the company applied these additional loans as follows:

Policy No. 2226602:
- (a) Interest on outstanding balance of petitioner's indebtedness for period March 1, 1939 to August 4, 1939 .................. $ 257.04
- (b) Prepaid interest on petitioner's outstanding indebtedness for period August 4, 1939 to March 1, 1940 ..... 367.09

Policy No. 2228280:
- (c) Interest on outstanding balance of petitioner's indebtedness for period March 1, 1939 to August 4, 1939 .................. 226.20
- (d) Prepaid interest on outstanding indebtedness for period August 4, 1939 to March 1, 1940 ........... 323.04
- (e) Interest on balance of premium due March 1, 1939.. 10.84
- (f) Balance of premium due March 1, 1939 ........... 507.09

By check to taxpayer..... 170.97

_____

$1,862.27

The taxpayer accordingly deducted the foregoing interest items aggregating $1,184.21 in his 1939 income tax return as interest "paid by deductions from loans". Both the Commissioner and the Tax Court disallowed the items on the ground that the taxpayer was on a cash basis and had not paid such interest during the taxable year. We think that the ruling of the Tax Court was right and should be affirmed.

This taxpayer gave nothing but a formal contract obligation in the place of his interest obligations. Such action on his part, like the giving of a note to a creditor in substitution for the latter's claim upon an open account, cannot be regarded as the equivalent of a payment in cash. This principle was recognized by the Supreme Court in its decision in Eckert v. Burnet, 283 U.S. 140, 51 S.Ct. 373, 75 L.Ed. 911, in which Justice Holmes wrote the opinion. Indeed, such was the effect of the holding of that court in Helvering v. Price, 309 U.S. 409, 60 S.Ct. 673, 84 L.Ed. 836, and the direct decision of the First Circuit in Hart v. Commissioner, 54 F.2d 848, which we approved in Jenkins v. Bitgood, 101 F. 2d 17, 19, certiorari denied 307 U.S. 636, 59 S.Ct. 1033, 83 L.Ed. 1518. Cf. Massachusetts Mutual Life Ins. Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 77 L. Ed. 739; United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 70 L.Ed. 799. The situation might well have been different if the taxpayer had borrowed the $1,184.21 from a bank and had paid the interest due the insurance company with proceeds of the loan. The transaction here is like the case of a trader who has borrowed from his broker on the security of stock purchased on the Exchange and seeks an income tax deduction of the interest charged by the broker but not actually paid by the customer to the latter. He cannot avail himself of such a deduction unless the broker receives dividends from his securities which are applicable to the interest due. I. T. 3483, 1941 1 Cum. Bull. 207.

The taxpayer seeks to establish that there has been a "constructive" payment of the $1,184.21 because the cash reserves applicable to the policies were diminished by the amount of the additional borrowing to pay the interest. But the same contention may be made where there is an additional borrowing from a broker to pay arrears of interest on hypothecated securities. There, as in the case of insurance policies, the borrower's equity is reduced by the amount of the accrued interest. In either case the original amount of interest remains unpaid though secured by the securities or the policies as the case may be. The giving of the policies as security for the arrears of interest, if not thus held

already, did not "transform" an existing obligation "into the payment required to constitute a deductible loss in the taxable year." Helvering v. Price, 309 U.S. 409, 414, 60 S.Ct. 673, 676, 84 L.Ed. 836. The collateral represented by the policies could be released pro tanto by the payment of the additional loan. In the year when such a payment occurred, and not until then, the taxpayer could properly claim a deductible loss in his income tax. We find no basis for the contention that there was a constructive payment.

The taxpayer relies on our recent decision in Andrews v. Commissioner, 2 Cir., 135 F.2d 314. There scrip having a current value in over-the-counter trading was issued to a taxpayer in payment of interest on bonds held by the latter. In view of a covenant contained in the bonds providing that interest thereon might be paid in the obligor's "securities", we treated the scrip as different from a mere promise to pay an existing obligation and directed that it be valued as property subject to income tax on the part of a taxpayer who was on a cash basis.

The order of the Tax Court is affirmed.