OPINION. Opper, Judge: Two theories of tax liability are somewhat confusingly resorted to by respondent in determining the instant deficiency. The one is the undoubtedly valid concept that where a payment is made for the account of a taxpayer, such as the discharge of his indebtedness, it will be considered income to him exactly as though he himself had received it in cash. Lucy A. Blumenthal, 30 B. T. A. 591; affd., U. S. 552; Douglas v. Willcuts, 296 U. S. 1. The other is that income available without restriction will be taxed even though the potential recipient has turned his back on it. John A. Brander, 3 B. T. A. 231. The latter is the type of situation which, as a purely tax concept, has been labeled “constructive receipt” and in that sense only do we use the term. The applicable accounting and income tax principles are by now too well settled to require extended discussion. Cases of this type are hence essentially factual, and prior decisions are of no great benefit in dealing with such issues — a conclusion which is at once strengthened by, and explanatory of, tbeir disposition in unpublished opinions. There are many ways of dealing with transactions for accounting purposes. The prime prerequisite of proper accounting treatment is consistency. But that seems to ns to be present here, since the evidence shows that petitioner over the years regularly treated his income on a strict cash receipts and disbursements basis and reported as income what he received in cash. The other requirement is that any accounting method selected shall not cause a distortion of income. Sec. 41, I. B,. C. We can not see, however, that such could be the consequence of the method adopted by petitioner. He concededly used and seems to have followed consistently the cash system of accounting. When payments were received by the National Cash [Register Co., it did not, and was not obligated to, pay them to petitioner. It ultimately applied them to the payment of expenses “incurred in the management of said agency.”[2] They may well then have represented income to him for the year when "so treated. But, if so, the payment in each case being a business expenditure and petitioner having been on the cash basis, the sums paid out would represent corresponding deductions which he could not have taken sooner, since they were not paid in cash, Eckert v. Burnet, 283 U. S. 140, and which as shown by our findings of fact, if treated as contemporaneous deductions, virtually offset and eliminate the .corresponding income items. Whatever petitioner received in each year for his own account he returned as income. Being on the cash basis, this was permissible, Consolidated Asphalt Co., 1 B. T. A. 79, 82; George Hyatt, 36 B. T. A. 121; Kenneth Drummond, 43 B. T. A. 529, 533; and were it not for the termination of his contract in 1942, one of the tax years before us, the entire matter could be disposed of by the foregoing discussion. The conclusion follows as to 1941 that only the amounts received by petitioner in cash and not the “improvements” in his account were income taxable to him in that year, and that the deficiency was erroneously determined. The same conclusion would apply to the 1942' income in its entirety were it not for the question of constructive receipt also involved as to that year. A different question and the application of the true constructive receipt doctrine is involved for 1942. By the end of that year petitioner had severed his connection with the National Cash [Register Co:, a balance had been struck, and the amount then due him had been ascertained. If this was available to him without restriction in 1942, it was constructively received in that year, even though he did not in fact collect it until the year after. Kenneth Drummond, supra. The facts are not entirely clear in this respect, but in view of petitioner’s own assertions made at a time much more nearly contemporaneous, we have concluded and found as a fact that he could so have received the money in 1942. The parties having stipulated that this amount, which is the only other contested item, is taxable either in 1942 or 1943, the determination that it was constructively received in 1942 disposes of the proceeding. Reviewed by the Court. Decision will he entered wider Rule 50. Paragraph 23 of the agreements provided, in part: ‘.‘Said sales agent hereby authorizes the company, upon termination of the agency created by this contract, to pay any outstanding indebtedness, including amounts due salesmen and other employees incurred in the management of said agency, and to charge same to his account * *