EDWARD L. SMALLWOOD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smallwood v. Commissioner
Docket No. 7161-76.
United States Tax Court
T.C. Memo 1977-398; 1977 Tax Ct. Memo LEXIS 47; 36 T.C.M. (CCH) 1615; T.C.M. (RIA) 770398; November 15, 1977, Filed Edward L. Smallwood, pro se. Thomas P. Dougherty, Jr., for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $332.10 in petitioner's Federal income tax for 1974. The sole issue presented is whether petitioner is entitled to a deduction under section 163(a) [1] of $1,792.68 for interest paid during 1974. All of the facts have been stipulated and are so found. [2]
*48 Petitioner, Edward L. Smallwood, resided in Stratford, Connecticut, at the time the petition herein was filed. Petitioner filed his Federal income tax return for 1974 with the Internal Revenue Service Center in Andover, Massachusetts. Petitioner utilized the cash receipts and disbursements method of accounting in filing such return. On August 3, 1974, petitioner received a discounted loan from the Bank of Trumbull. The face amount of the loan received by petitioner was $7,150.20. Of the face amount, $1,792.68 was applicable to interest and $357.52 to insurance. The amounts applicable to interest and insurance were withheld by the lender resulting in a net amount of $5,000 being received by petitioner. He was required to repay the loan over a five-year period in monthly installments of $119.17 each. Petitioner made three such payments on the loan during 1974. On his return for 1974, petitioner claimed a deduction of $1,792.68 for the total interest payable to the lender on the aforementioned loan that he received from it on August 3, 1974. Respondent disallowed the deduction to the extent of $1,703.07. [3]
*49 Section 163(a) generally provides for the deductibility of all interest on an indebtedness which is "paid or accrued" within the taxable year. Respondent maintains that only a small portion of the $1,792.68 withheld by the lender as interest represents "interest paid" by petitioner during 1974. [4] We agree. With respect to cash basis taxpayers, such as the petitioner herein, expenses may be deducted only in the year in which payment occurs. Section 1.461-1(a)(1), Income Tax Regs.
It is well established that the execution of a promissory note by a cash basis taxpayer in "payment" of his liability for interest does not entitle him to a deduction under section 163(a) for "interest paid." Rubnitz v. Commissioner,67 T.C. 621, 627 (1977); Hopkins v. Commissioner,15 T.C. 160, 181 (1950). See Helvering v. Price,309 U.S. 409 (1940). [5]
*50 Accordingly, respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. At trial, the parties appeared, offered opening statements and then submitted the case on the stipulation of facts which was received into evidence.↩
3. In so doing, respondent determined that it would be more advantageous to petitioner to allow him the standard deduction and thus disallowed the balance of petitioner's itemized deductions in favor of the standard deduction.↩
4. The amount of interest attributable to the three installment payments paid by petitioner during 1974 was determined by respondent to be $89.61.↩
5. This rule is based on the premise that the execution of a promissory note by a cash basis taxpayer does not constitute payment in cash or its equivalent. See Helvering v. Price,309 U.S. 409 (1940); Eckert v. Burnet,283 U.S. 140↩ (1931).