HERBERT W. DUSTIN and KATHLEEN C. DUSTIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dustin v. Commissioner
Docket No. 7405-75.
United States Tax Court
T.C. Memo 1977-409; 1977 Tax Ct. Memo LEXIS 30; 36 T.C.M. (CCH) 1654; T.C.M. (RIA) 770409; November 29, 1977, Filed Walter G. Schwartz, for the petitioners. Rebecca T. Hill, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determined a deficiency of $794.00 in the income tax of petitioners for the taxable year ending December 31, 1972. Because of concessions made by petitioners, there remains for decision whether certain fees withheld by a lending institution from loan proceeds are deductible by petitioners; and, if so, whether the fees are deductible in the year the loan was made or ratably as the loan is repaid. The facts are fully stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners resided at Portola Valley, *31 California, at the time the petition was filed. Petitioners' Federal income tax return for the 1972 taxable year was filed with the Fresno, California, Internal Revenue Service Center. In refinancing their home in 1972, petitioners on May 8, 1972, signed a note in the face amount of $65,500 from Security Pacific National Bank. From this amount the bank withheld the following charges: Loan Fees
$ 655.00
Tax Service Fees
15.00
Title Company Fees
331.79
Interest May 15, 1972
to June 1, 1972
203.78
Total
$1,205.57
On May 15, 1972, petitioners' account was credited with the loan balance of $64,294.43. Petitioners used the cash receipts and disbursements method of accounting. In their joint Federal income tax return for the 1972 taxable year, petitioner deducted the following amounts withheld from their bank loan: Loan Fees
$ 655.00
Tax Service Fees
15.00
Title Company Fees
332.00
Total
$1,002.00
Respondent disallowed $991.00 of these deductions because this amount was not "actually paid during the tax year." Respondent allowed petitioners a deduction of $11.00 on the loan fees as the portion of the loan fees paid in 1972. No *32 portion of the tax service fees or title company fees was allowed because these fees were non-deductible capital expenses. Respondent concedes that the $655.00 loan fees constitute interest. Section 163(a) [1] allows a deduction for "all interest paid * * * within the taxable year." To deduct interest as "paid", a cash basis taxpayer must give cash or its equivalent. Eckert v. Burnet,283 U.S. 140 (1931). A promissory note is not the equivalent of cash. Helvering v. Price,309 U.S. 409 (1940). Petitioners received $64,294.43 from the bank but promised to repay the bank $65,500.00 plus interest accruing on the $65,500.00. The loan fees, tax service fees and title company fees comprised most of the difference between what petitioners received and what they promised to repay.The effect of withholding these various fees was a reduction in the principal amount of the loan. The components of the loan, therefore, were $64,294.43 as principal, $655.00 as loan fees, $15.00 as tax service fees, $331.79 as title company fees and $203.78 as interest *33 from May 8, 1972 to June 1, 1972. Over the term of the note petitioners promised a pro rata repayment of each of these amounts, plus interest at a specified rate on the aggregate sum. Petitioners in executing and delivering the note did not give to the bank the equivalent of cash. Helvering v. Price,supra.By signing the loan note, petitioners postponed payment of these components until sometime in the future. Rubnitz v. Commissioner,67 T.C. 621 (1977). Petitioners would have this Court overrule Rubnitz and its predecessors. We find no reason to do so. As respondent concedes the $655.00 loan fees are deductible as interest, the pro rata portion of that amount attributable to the 1972 taxable year is deductible. Respondent in its deficiency notice disallowed the $15.00 tax service fees and $332.00 title company fees on the additional ground that they were nondeductible capital expenses. Petitioners did not address this issue in their briefs.Petitioners have failed to show that respondent erred in disallowing the deduction of such fees. See Rule 142(a), Tax Court Rules of Practice and Procedure. No deduction will be allowed for *34 either of these fees. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩