Loyal H. CHAPMAN and Mildred A.
Chapman, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. No. 4–80–558.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 14, 1981.

John W. Harrigan, Harrigan & Hanley,
Minneapolis, Minn., for plaintiffs.

James P. Sites and Larry Meuwissen, Tax
Div., Dept. of Justice, Washington, D. C.,
for defendant.

MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on cross
motions by the parties for summary judg-
ment. The parties have stipulated to the
facts. The only issue is whether the plain-
tiffs are entitled to a $15,000 deduction
represented by a letter of credit. For the
reasons stated herein, the defendant's mo-
tion for summary judgment will be granted.

The plaintiffs Loyal H. and Mildred A.
Chapman, Minnesota residents, were disal-
lowed a business deduction of $15,000 on
their joint income tax return for the taxa-
ble year ending December 31, 1973. Be-

cause of the disallowance the District Director of Internal Revenue assessed an additional tax of $5,702.00 plus $1,552.00 interest in March, 1978. The plaintiffs paid the assessed deficiency and interest. After the Internal Revenue Service denied the plaintiffs' claim for a refund of this amount, the plaintiffs filed suit in federal district court to recover the full amount of their additional assessment. Jurisdiction is based upon 28 U.S.C. § 1346(a)(1).

This dispute arises out of a purchase of cattle feed. The plaintiffs, cash basis taxpayers, deducted $30,000 on their joint federal income tax return for the cost of cattle feed. This amount was provided for under an agreement between Loyal Chapman and the Sun River Cattle Company (the Company) in Vaughn, Montana. Under the agreement Chapman purchased cattle and feed from the Company. The cost of the feed was $30,000. Chapman paid $15,000 in cash in 1973. The balance of the feed purchase price was due and payable when each cattle lot was sold and was deductible from the proceeds of the sale of each lot prior to disbursing the balance of the proceeds, if any, to Chapman. To insure payment in case the proceeds from the cattle sale failed to cover the cost of the feed, Chapman gave the Company a promissory note for $15,000 and a secured letter of credit from the First National Bank of Minneapolis for the same amount on November 19, 1973.

The Company never drew on the letter of credit, which expired by its own terms on May 15, 1974. However, Chapman deducted $30,000 in 1973 ($15,000 cash plus $15,000 letter of credit) and then increased his income by $15,000 in 1974 when the letter of credit expired unused. The Internal Revenue Service decreased the plaintiffs' 1974 taxable income by $15,000 and disallowed the 1973 deduction of $15,000.

■ The general rule for cash basis taxpayers is that they must declare income in the taxable year in which it is actually or constructively received and that they may claim deductions for expenses in the taxable year in which they are actually paid. Reg. § 1.461–1(a)(1). The central issue in this case is what constitutes payment and thus qualifies for a deduction. Taxpayers are entitled to deductions at the time of unconditional delivery of a check to the payee if the bank subsequently either pays or certifies the check upon presentment. *Modie J. Spiegel Est.*, 12 T.C. 524 (1949). At the time a bank certifies a check, the bank usually withdraws a corresponding amount from its customer's account. Thus, the bank receives payment at the time of certification although the payee may not present the check for payment until some time later. Under Minn.Stat. § 336.3–411 the drawer and all prior endorsers are discharged when a bank certifies a check for a holder. Thus, only the drawee bank remains liable for the amount.

■ A taxpayer is viewed as having paid an expense and is thus entitled to a deduction if the taxpayer uses borrowed funds for the payment. The taxpayer is entitled to the deduction at the time of payment not at the time the loan is repaid. In addition, if a third party pays an expense on behalf of the taxpayer, the expense is also deductible in the year of payment not in the year the taxpayer repays the third party. *Granan v. Commissioner*, 55 T.C. 753 (1971); *Hazel McAdams*, 15 T.C. 231, aff'd 198 F.2d 54 (5th Cir. 1952). However, if the taxpayer gives a promissory note for payment, the taxpayer is entitled to a deduction at the time he or she pays the note not at the time the note is given as payment. *Eckert v. Burnet*, 283 U.S. 140, 51 S.Ct. 373, 75 L.Ed. 911 (1931); *Baltimore Dairy Lunch, Inc. v. United States*, 231 F.2d 870 (8th Cir. 1956); Rev.Rul. 77–257. The taxpayer who gives a note as payment is denied a deduction even if the note is secured by collateral. *Phillip D. Foley*, ¶ 76,-060 P–H Memo T.C. A cash basis taxpayer may not deduct an expense while something remains to be done to complete payment. *Id.*

■ The plaintiffs argue that they are entitled to the deduction because they paid for the feed with borrowed funds. The defendant argues that the plaintiffs merely gave a promissory note secured by collater-

al and thus are not entitled to a deduction. The Court finds that the letter of credit is analogous to a promissory note secured by collateral.

The plaintiffs merely promised to pay the expense and secured their payment with the letter of credit. Thus, they are not entitled to a deduction. The parties admit that the bank never paid on the letter of credit. The plaintiffs merely had an obligation to repay the bank if the bank paid the Company. In contrast to a case in which a bank certifies a check, the bank in this case did not withdraw funds from the plaintiffs' account although it did reduce the amount the plaintiffs could borrow on their own line of credit. The bank officer who handled the transaction stated in his deposition that if the plaintiffs had not had a line of credit they would have had "to put up $15,000 as collateral."

The critical distinction between the issuance of a letter of credit and the certification of a check is the promissory nature of the bank customer's obligation in the case of a letter of credit. When a bank certifies a check, the drawer's account is debited immediately; thus the drawer has paid at that time. In contrast, when a bank issues a letter of credit, the bank's customer merely pledges collateral but does not pay over the money. Before the customer is obligated to pay, the beneficiary of the credit must present a draft to the issuer of the letter of credit and the issuer must pay the draft. If the issuer does not pay on the letter of credit, the collateral is returned to the customer. Under Minn.Stat. § 336.5–114(3) the issuer of a letter of credit is not entitled to reimbursement from its customer until the issuer honors a demand for payment:

> Unless otherwise agreed an issuer which has duly honored a draft or demand for payment is entitled to immediate reimbursement of any payment made under the credit and to be put in effectively available funds not later than the day before maturity of any acceptance made under the credit.

Thus, a certified check is a cash equivalent but a letter of credit is similar to a consumer credit card waiting to be used. *See generally* White and Summers, *Handbook of the Law Under the Uniform Commercial Code* (1972) at 704–715.

For the reasons stated herein, it is the conclusion of the Court that the letter of credit is not a cash equivalent and that the letter of credit was never drawn against. Therefore, the Court has concluded that the plaintiffs are not entitled to a deduction in 1973.

Accordingly, IT IS ORDERED

1. That the plaintiffs' motion for summary judgment be, and hereby is, denied;

2. That the defendant's motion for summary judgment be, and hereby is, granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.