OPINION. Leech, Judge: The contested deficiencies result from the respondent’s determination that Koen and the partnership of Hamill & Smith were partners or joint adventurers[1] in the exploitation of the “Air-styr” device, and that the disallowed portion of the community loss ■ claimed by petitioners in the taxable year, 1943, was sustained in the prior years, 1941 and 1942. Petitioners argue that the venture was abandoned prior to the time when the parties were to become equally interested as partners or joint adventurers in the business, and that Koen sustained no loss until he reimbursed Hamill & Smith for its advances, pursuant to his guaranty. The necessary premise of this position is that the business was the sole proprietorship of Smith or Hamill & Smith until its abandonment. The issue then is the legal relationship of the parties in the venture as evidenced by the agreement and their conduct in its execution. Koen died prior to the hearing in this proceeding, and we do not have the benefit of his testimony. Smith was a witness on behalf of petitioners. Even if we adopt his testimony, however, as to the agreement he made with Koen, the circumstances leading up to that agreement, and the manner in which it was to be performed, including his statement to the effect that he had no intention of entering into a partnership with Koen, the legal status of the business as a joint venture is not contradicted. A joint venture has been defined to be a “special combination of two or more persons where, in some specific venture, a profit is sought without an actual partnership or corporate designation.” Tompkins v. Commissioner, 97 Fed. (2d) 396; Joring v. Harriss, 292 Fed. 974; Aiken Mills v. United States, 144 Fed. (2d) 23. The written evidence, in the form of the letter, characterizes the business as a “joint venture.” The record as a whole convinces us that the parties intended to and did in fact conduct the business of exploiting the “Airstyr” device as a joint venture. The respondent has allowed the losses incurred in the operation of the joint venture in 1943, the taxable year. The losses. incurred by that venture in the prior years, 1941 and 1942, were properly disallowed. Kespondent’s determination as to each petitioner is, therefore, sustained. Reviewed by the Court. Decisions will be entered for the respondent. Section 3797 of the Internal Revenue Code defines a partnership as including a joint adventure.