HAZEL MCADAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. B. MCADAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21931, 21932. Promulgated September 19, 1950.

*Prentice Wilson, Esq.,* for the petitioners.
*Joseph P. Crowe, Esq.,* for the respondent.

234

OPINION.

Johnson, *Judge:* The respondent contends that payment of $21,500 in 1944 and of $2,225.59 in 1945 by petitioner to Luse were repayments of loans made by Luse to petitioner in 1941, which loans were used to pay drilling and development costs incurred by petitioner in 1941, and, as such, these amounts were deductible by petitioner in computing his Federal income tax for the year 1941, and not in 1944 and 1945.

The petitioner points to the provisions of section 43 of the Internal Revenue Code, providing that deductions must be taken for the taxable year in which "paid or accrued", or "paid or incurred", depending upon the method of accounting used by the taxpayer, and contends that inasmuch as he is on the cash basis and did not pay Luse for the portion of the drilling and development expenditures here involved until 1944 and 1945, he is entitled to take deductions in those years.

The petitioner cites and relies upon *Eckert* v. *Burnet*, 283 U. S. 140; *Helvering* v. *Price*, 309 U. S. 409; *Max Gross*, 36 B. T. A. 759, and *E. L. Connelly*, 46 B. T. A. 222. The cited cases hold that taxpayers on the cash basis may not take a deduction for a loss sustained until they have made an outlay of cash or its equivalent, and that the giving of a note does not constitute such an outlay. These cases are not helpful to the petitioner who is here claiming deductions for expenses in 1944 and 1945 which were paid in 1941. Petitioner testified that in 1941 he was legally obligated to pay his share of the drilling and development expenses on both the Hlavaty and Peyregne leases and that he intended to do so whether the drilling produced oil or a dry well. In 1941 he paid, with the proceeds of bank loans, approximately $60,000 of his $83,283.09 share of the drilling expense on the Hlavaty lease, and $7,049.22 of his $9,290.24 share of the Peyregne lease expense. The remainder of his share of the expense incurred in 1941 in connection with both of these leases was paid in

that year by Luse in petitioner's behalf. When Luse advanced money to discharge petitioner's pro rata share of the drilling and development expenses in 1941, he in effect loaned petitioner the funds with which to make payment and petitioner used them for this purpose. The fact that Luse paid the amounts in question without the funds going through the hands of petitioner does not affect the status of these payments as loans. *Consolidated Marble Co.*, 15 B. T. A. 193; *E. Gordon Perry*, 28 B. T. A. 497. Expenses paid with borrowed funds are deductible by a taxpayer on the cash basis in the year in which they are actually paid, and the deduction thereof can not be deferred until a later year when repayment of the borrowed funds is made by the taxpayer. *Robert B. Keenan*, 20 B. T. A. 498; *Ida Wolf Schick*, 22 B. T. A. 1067; *Crain v. Commissioner*, 75 Fed. (2d) 962. Our conclusion is, therefore, that petitioner should have deducted the expenses here involved in 1941 when they were paid by Luse in his behalf, and not in 1944 and 1945, when he repaid Luse for his advances.

While the conclusion reached effectively disposes of the issue before us, it may not be amiss to point out that the evidence in these proceedings strongly indicates that Luse and the petitioner were operating the leases as a mining partnership, sometimes referred to as a joint adventure. Although the petitioner testified he never felt that he was a partner of Luse, he also testified that he considered that he was drilling these leases along with Luse; that he knew about the drilling operations and expected to pay his part; and that he and Luse jointly pursued the drilling on the 2 leases, each of them paying expenses at various times from their own bank accounts, although Luse made the greater number of payments. Under the law of Texas such a partnership or joint adventure "may be created by express contract and it may also be created as a matter of law, without an express contract, by the joint ownership and joint operation of the enterprise." *Smith v. Rampy* (Tex. Civ. App. 1946), 198 S. W. (2d) 592. Expenses of a partnership or joint venture paid in 1941 would not be a proper deduction in the individual return for 1944 or 1945 of one of its members. *Estate of L. O. Koen*, 14 T. C. 1406.

Reviewed by the Court.

*Decisions will be entered for the respondent.*