NINA CORNELIA PRIME, EXECUTRIX OF THE ESTATE OF WILLIAM A. PRIME, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83019.    Promulgated February 24, 1939.

*Mitchell Salem Fisher, Esq.*, and *Henry Varay, C. P. A.*, for the petitioner.

*S. L. Young, Esq.*, for the respondent.

OPINION.

HARRON: The statutory provision under which the deduction is claimed allows a taxpayer on a cash basis deduction from gross income of interest paid in the taxable year on an indebtedness.[1] Petitioner's decedent made his income tax return on the cash receipts and disbursements basis. Petitioner contends that the addition of interest accrued and unpaid to the amount of indebtedness and the giving of new notes constituted "payment" of interest within section 23 (b). Petitioner makes a further contention that there was a constructive payment of interest by the decedent. Respondent concedes that decedent was "indebted" to the insurance companies on account of the policy loans and raises no question on this point.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

    *        *        *        *        *        *

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness * * *. [Revenue Act of 1932.]

The facts are stipulated. They show that in 1933 petitioner's decedent gave new notes to several insurances companies "to cover the amount of the previous loan with interest thereon", and in some instances to cover "further loans", meaning further advancements and not interest. The notes are not in evidence. There is no evidence relating to what entries or treatment the various insurance companies made on their books in their reserve accounts in 1933 with respect to the taking of new notes for interest due and unpaid. Only the policies purchased from the American insurance companies are in evidence. It is assumed that all the policy loans were made upon the terms that appear in the evidence. It is noted that, under the loan provisions of the insurance contracts, interest not paid when accrued was to be added to the amount of the principal of the loan and reckoned as part thereof.

The same question was before this Board in *John C. Hermann*, 27 B. T. A. 409. The facts in that case are, in several respects, different from the facts in this proceeding. But there was involved there, nevertheless, the question whether the giving of a new note in an amount including accrued interest constitutes such *payment* of interest in the taxable year as the statute contemplates in providing for an income tax deduction. Subsequent to the decision in the *Hermann* case, this Board reviewed the question of whether interest is paid by the giving of a new note to cover interest accrued and unpaid, in *S. E. Thomason*, 33 B. T. A. 576. The Board held that the giving of a new note represents another "promise to pay" and does not satisfy the provisions of the statute allowing a deduction for "interest paid." The *Thomason* case overruled the *Hermann* case and is controlling in the determination of the question in this proceeding. See also, *Blair* v. *First Trust & Savings Bank*, 39 Fed. (2d) 462; *Helvering* v. *Martin-Stubblefield, Inc.*, 71 Fed. (2d) 944; *San Jacinto Life Insurance Co.*, 34 B. T. A. 186; *T. Harvey Ferris*, 38 B. T. A. 312; *Hart* v. *Commissioner*, 54 Fed. (2d) 848, on the point that the stamping "paid" on a bill for interest does not establish a payment entitling the taxpayer to a deduction for interest paid where his return is on a cash basis; *Schlemmer* v. *United States*, 94 Fed. (2d) 77; *Mellinger* v. *United States*, 21 Fed. Supp. 964; *Salomon* v. *State Tax Commission*, 278 U. S. 484, on the point that the depositing of collateral out of which a sum may be paid in the future does not constitute a payment for purposes of an income tax deduction. Cf. *Estate of Benjamin Piller*, 29 B. T. A. 799; *Arthur T. Galt*, 31 B. T. A. 930.

Petitioner's argument goes to a theory that a constructive payment of interest accrued is accomplished by the addition of the unpaid interest to the principal of a policy loan and the giving of a new note. The constructive payment theory has seldom been approved in claims of a taxpayer on a cash basis for a deduction which presupposes an

expenditure by the taxpayer. See the *Barto Co.*, 21 B. T. A. 1197. The distinction between the accrual and receipts and disbursements methods of accounting is made controlling in the revenue statutes. *Massachusetts Mutual Life Insurance Co.* v. *United States*, 59 Fed. (2d) 116, 120; affd., 288 U. S. 269. See also, section 43 of the Revenue Act of 1932.[2] The significance of this distinction is stated by the Supreme Court in its opinion affirming the lower court in *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269, as follows:

It is settled beyond cavil that taxpayers other than insurance companies may not accrue receipts and treat expenditures on a cash basis, or vice versa. Nor may they accrue a portion of income and deal with the remainder on a cash basis, nor take deductions partly on one and partly on the other basis.

In this proceeding, petitioner's decedent, who was on a cash basis, made no cash disbursement on account of the various accrued interest charges. Nor does the record disclose any facts upon which it could be convincingly argued that he made a constructive payment. The adding of the accrued interest charges to the principal of the loans effected a compounding of the interest for future years. (See dictionary definitions of compound interest.) But the liability to pay the interest charges was not extinguished any more than in the ordinary loan situation which was considered in the *Thomason* case. It must be concluded that there are no factors present in this proceeding which justify either departing from the rule adopted in the *Thomason* case, or applying a constructive payment theory in the face of views expressed by the Supreme Court in the *Massachusetts Mutual Life Insurance Co.* case.

The case cited by petitioner, *Maryland Casualty Co.* v. *United States*, 251 U. S. 342, is not in point.

It is held that there was no payment of interest on indebtedness in the taxable year within the provisions of section 23 (b). Respondent is sustained.

It should be pointed out that there is failure of proof as to the deduction claimed for interest owed to the London Life Association, Ltd. The amount of £1,375.5.3 represented accrued interest and £476.9.7 was due for premiums and revival charges. In the taxable year decedent paid by a check of C. T. Bowring & Co., Ltd., £196.14.10. That was less than the amount due for premiums and revival charges and there is no evidence that any of that amount was paid upon accrued interest.

*Decision will be entered for the respondent.*

---

[2] SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.

The deductions and credits provided for in this title shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period.