ALBERT J. ALSBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96296. Promulgated June 13, 1940.

*Paul D. Sagers, Esq.*, for the petitioner.
*Francis S. Gettle, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $291.09 in income tax for the calendar year 1936. The petitioner assigns as error the action of the Commissioner in disallowing a deduction of $1,527.54 claimed as interest paid on account of money borrowed from life insurance companies. The facts have been stipulated and the stipulation is adopted by the Board as its findings of fact.

The petitioner kept his books upon a cash basis. He had borrowed money from insurance companies on thirteen policies of insurance on his own life prior to 1936. The total amount of his borrowings as of the beginning of the taxable year was $25,459. The insurance companies entered on their books during the year 1936 charges for interest in accounts bearing the name of the petitioner. The total

amount of those charges was $1,527.54. The petitioner paid $2,740.51 to the insurance companies during the year, apparently as premiums on the policies. The cash surrender value of the policies at the beginning of the year was $26,502.70, and at the end of the year was $28,607.61, an increase of $2,104.91.

Attached to one policy is a document executed by the insured dated May 23, 1932, stating in part that the insured promised to pay on October 19, 1932, $1,550 with interest at 6 percent to the insurance company; the policy was assigned as collateral security for the repayment of the loan; the borrower might repay the loan with accrued interest at any time; the loan might be extended for annual periods upon payment of premiums then due and payment of interest accrued at maturity; and if no extension was made, the interest due was to be added to the existing loan on the due date of the loan and annually thereafter, the interest was to bear interest at the same rate as the loan, and the loan would thus be extended automatically, except that no extension would continue beyond a default in premium or beyond any date on which the amount of the loan, together with added and accrued interest, became equal to or greater than the cash value of the policy. Other policies bear a notation that the policy and the value thereof had been assigned to the company as sole security for a loan, which loan and interest thereon constitute an indebtedness against the policy.

The petitioner claimed on his return, as a deduction representing interest, $1,527.54, the amount of the interest charged on the books of the insurance companies during the year. The Commissioner in determining the deficiency disallowed that deduction, with the explanation that the amount was not paid by the petitioner during the year and, since he was on the cash receipts basis, it was not an allowable deduction, citing *S. E. Thomason*, 33 B. T. A. 576.

The petitioner argues that the cash surrender value of each policy, together with any increase therein, was a fund or credit balance belonging to him and from which he could have drawn; the insurer charged interest against his account during the taxable year and thereby reduced the fund or credit balance; and, therefore, the interest charged during the taxable year was constructively paid by the petitioner. The insurance companies expected to have the loans and interest repaid to them, either in cash or through a retention by them of a part of the amount which they were otherwise obligated to pay upon the policies. It is proper to assume from this record that the insurance companies did not credit the loan accounts with the payment of any interest during the year but considered the charges of interest as additions to the loans. Cf. *United States* v. *Collier*, 104 Fed. (2d) 420; *Bailey* v. *Commissioner*, 103 Fed. (2d) 448. The petitioner could have given the insurance companies cash during the year in payment of

the interest item. Such a transaction would have represented a payment by one on the cash receipts basis. An actual payment might have been accomplished in other ways as, for example, by a cancellation of the debt and interest through surrender of the policy. Here, in contrast to those situations, there was, in fact, no payment whatsoever, either actually or constructively, during the taxable year. Instead, the interest was permitted to accumulate and to become a part of the loans. The insurance companies were sufficiently secured and did nothing except to keep account of the interest and the loans. The situation is not materially different for tax purposes from one in which a taxpayer, on a cash basis, who owes interest on a note, gives another note to cover the interest. It has been held that the giving of the note is not payment by one on a cash basis and, therefore, he is not entitled to a deduction on his income tax return for interest paid. *Hart* v. *Commissioner*, 54 Fed. (2d) 848; *S. E. Thomason, supra; Eckert* v. *Burnet*, 283 U. S. 140. Cf. *Oscar G. Joseph*, 32 B. T. A. 1192. The deposit of funds or collateral out of which a payment may be made in the future does not constitute payment by one on a cash basis. *Solomon* v. *State Tax Commission of New York*, 278 U. S. 484; *Arthur T. Galt*, 31 B. T. A. 930. The identical issue raised by the present petitioner has been decided against the petitioner by the Board in a case which is not distinguishable from the present case. *Nina Cornelia Prime, Executrix*, 39 B. T. A. 487. There was no payment and no deduction is allowable.

The petitioner, in his briefs, puts quotation marks around the word loan in referring to the amounts which he had obtained from the insurance companies and which are described in the stipulation as debts. The following is from his reply brief:

A "loan" transaction upon a life insurance policy has quite different characteristics from those of an ordinary loan, and, therefore, gives rise to different situations. The insured actually is drawing against an asset belonging to him, consisting of a balance which has accumulated on the books of the insurer to the credit of his account. In an ordinary loan situation upon the repayment of the loan the effect is the extinguishment of the debt. In the case of a life insurance policy "loan" transaction, upon the repayment of the "loan" the debtor increases his assets or credit balance and wipes out no personal obligations, none ever having come into existence.

If the above statements are correct, then it would seem that the petitioner is not entitled to any deduction for a further reason. The statute allows him a deduction only for interest paid on indebtedness. Section 23 (b) of the Revenue Act of 1936. If he is drawing against an asset belonging to him and thereby merely reducing a credit balance which has accumulated on the books of the insurer to his account, then the amount called interest was not interest on an indebtedness. The so-called interest mentioned in connection with the so-called loans,

64

would appear to be merely a convenient term for describing one of the factors used in the computation of the amount owed to the petitioner at any particular time by the insurance company.

*Decision will be entered for the respondent.*