Henry P. Keith v. Commissioner.
Keith v. Commissioner
Docket No. 108883.
United States Tax Court
1942 Tax Ct. Memo LEXIS 52; 1 T.C.M. (CCH) 184; T.C.M. (RIA) 42630; December 9, 1942
*52 Benjamin Mahler, Esq., 39 Broadway, New York City, for the petitioner. William G. Ruymann, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: Assailing a deficiency of $124.42 in 1939 income tax, petitioner complains of (1) the disallowance of a deduction of $1,237.61 for interest and (2) the disallowance of a deduction of $379.36 for State income taxes. He also claims a deduction of $35 which he omitted to take for bar association dues. The facts are all submitted in a stipulation and are found as stipulated. The petitioner, a resident of Hollis, Long Island, New York, is a Justice of the Municipal Court of the City of New York and filed his 1939 return in the First District of New York. His records and returns are on the cash receipts and disbursements basis. Prior to the tax year, petitioner had borrowed on his insurance policies, and interest was unpaid. In the tax year, he borrowed additional amounts upon applications for $1,862.27, and the insurance company applied $1,184.21 of the amount to interest on existing loans. This amount petitioner deducted on his return, describing it as "paid by deductions from loans." The Commissioner disallowed the deduction *53 because the petitioner was on the cash basis and the amount was not paid. The same situation and contentions have been considered in other cases, upon the authority of which the Commissioner's determination is correct. L. B. Hirsch, 42 B.T.A. 566, affirmed on other points, 124 Fed. (2d) 24; Albert J. Alsberg, 42 B.T.A. 61; Nina Cornelia Prime, 39 B.T.A. 487. The disallowance of the deduction is sustained. Petitioner was not taxable by the United States upon his 1938 salary as Municipal Court Judge. In his 1939 return, here in question, he deducted the taxes he paid to New York State in that year upon his 1938 salary income. The Commissioner disallowed the deduction, citing section 24(a)(5), Internal Revenue Code, which prohibits the deduction of an amount allocable to a class of income wholly exempt from federal income tax. Clearly the New York State income tax was directly allocable to the tax-exempt salary. The petitioner's contention that the statute must be read as meaning 1939 state taxes allocable to 1939 tax-exempt income cannot be sustained. The disallowance *54 was correct. On his return the petitioner failed to take a deduction for $35 annual dues paid in 1939 to two bar associations of which he was a member. He now claims the deduction. "Dues to professional societies" have for many years been deductible, according to the regulations, Reg. 103, Sec. 19.23(a)-5 and going back to Reg. 45, Art. 104. The deduction is within this long-standing regulation and should be allowed. Decision will be entered under Rule 50.