WALTER J. BEMB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5827. Promulgated December 28, 1945.

*J. Lee Boothe, C. P. A.,* for the petitioner.
*Lawrence R. Bloomenthal, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The only question for our consideration is whether or not the petitioner is entitled to a bad debt deduction in the amount of $4,000 for the year 1941.

The facts show that prior to 1941 the petitioner assumed liability on certain obligations of the Tam O'Shanter Country Club, which club later became insolvent. On February 11, 1941, a suit was commenced against the petitioner to enforce his guarantor's liability. His bank accounts were garnisheed and the amount of $4,000 was withheld therefrom. On December 13, 1941, a basis of settlement was reached between the petitioner and the trustee, whereby it was agreed that the petitioner would pay the sum of $4,000 and that the garnishment proceedings would be released. On the same day the petitioner confessed judgment and through his attorney gave authorization to the trustee to receive the amount impounded by the garnishment. On January 12, 1942, the garnishment proceedings were formally released of record and the trustee received payment in cash of the sum of $4,000 out of the accounts of the petitioner.

It may be stated at the outset that, as a general rule, where a surety or guarantor is obliged to make payment upon his guaranty, a debt thereupon arises between him and the principal obligor, and if the principal obligor is unable to make payment the guarantor is entitled to a bad debt deduction for the year in which the payment is made by him. *Shiman* v. *Commissioner*, 60 Fed. (2d) 65. Neither this rule nor its application is in issue in the present case. The only point in dispute is the year in which payment was made. The petitioner contends that he made constructive payment in 1941 and that he is entitled to a deduction in that year. The respondent contends that there was no constructive payment and that, since the actual payment in cash of the sum of $4,000 was not made until 1942, no deduction may be allowed for this amount in 1941.

We think the respondent must be sustained. Constructive payment is a fiction and is to be applied only under unusual circumstances. *Fincher Motors, Inc.*, 43 B. T. A. 673. The constructive payment theory has seldom been approved where a taxpayer on a cash basis makes claim for a deduction, for this presupposes an expenditure by the taxpayer. *Nina Cornelia Prime, Executrix*, 39 B. T. A. 487. In *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269, the Supreme Court stated as follows:

* * * It is settled beyond cavil that taxpayers other than insurance companies may not accrue receipts and treat expenditures on a cash basis, or vice versa. Nor may they accrue a portion of income and deal with the remainder on a cash basis, nor take deductions partly on one and partly on the other basis. * * *

In the instant case the petitioner was on the cash basis. The evidence of record is not sufficient to warrant a departure from the general rule above quoted. The making of the agreement of settlement in 1941 did not operate to discharge the petitioner's obligations. That agreement was merely the basis upon which the obligation was later to be discharged. The agreement itself provided that for the payment to be made it would be necessary to discontinue the garnishment proceedings. Those proceedings, however, were not discontinued until January 12, 1942. Thus it can not be said that everything necessary for the payment of the money was completed in 1941 or that such amount was placed completely at the disposal of the trustee in that year.

Here, the amount in dispute was not subject to the creditor's unfettered demand in 1941. Something remained to be done before he was entitled to receive the money, namely, the discontinuance of the garnishment proceedings. Since this was not done until 1942, there was no constructive receipt of the $4,000 in 1941.

We think it clear that no amount was credited to the trustee in 1941 and that the petitioner's obligation was not satisfied until the sum was actually paid in cash in 1942. Consequently, we hold that there was no constructive payment in 1941 and that the petitioner is not entitled to a deduction in that year.

*Decision will be entered under Rule 50.*