Maurice E. Harvey v. Commissioner.
Harvey v. Commissioner
Docket No. 40991.
United States Tax Court
1953 Tax Ct. Memo LEXIS 49; 12 T.C.M. (CCH) 1358; T.C.M. (RIA) 53376; November 30, 1953
*49 1. Petitioner during the taxable years 1948 and 1949 was sales representative in the State of Alabama of Brown-Forman Distillers Corporation of Louisville, Kentucky. He was also engaged in making some loans and in a small farming operation. His brother was an attorney at law and represented petitioner in his business transactions. Petitioner filed his returns on the cash basis. Held, he is entitled to deduct as ordinary and necessary business expenses the amounts which he paid his brother for legal services and as farm manager in the taxable years. 2. Petitioner on his income tax return for 1948 claimed deductions of $3,881.32 as entertainment expenses. Of this amount the Commissioner allowed $1,473.29 and disallowed the remainder. Held, the Commissioner is sustained in his disallowances. 3. Petitioner in his income tax return for 1948 claimed a deduction of $810.08 as expenses and samples. Of this amount the Commissioner allowed $25 as a deduction and disallowed the remainder. Held, the petitioner is entitled to the deduction of $695.68 of these expenditures as ordinary and necessary business expenses, in addition to the $25 which the Commissioner has allowed. Held, further, *50 he is not entitled to a deduction of $89.40 of the amount claimed because it did not represent an ordinary and necessary business expense. Virgil K. Sandefer, Esq., and Eugene E. Gilmer, Esq., 736 Frank Nelson Building, Birmingham, Ala., for the petitioner. Homer F. Benson, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in petitioner's income tax as follows: Year
Deficiency
1948
$4,479.30
1949
1,423.22 The deficiency for 1948 is due to the following adjustments: (a) State Sales Tax
$ 200.00
(b) Automobile Expense
180.60
(c) Entertainment Expense
2,408.03
(d) Samples
991.34
(e) Expenses and Samples
785.08
(f) Attorney's Fee
6,000.00
(g) Interest Income
215.00
*51 Of the foregoing adjustments made by the Commissioner, three are now involved, namely, (c), (e), and (f). Originally adjustment (d) was involved but the petitioner at the hearing expressly waived that adjustment and it is no longer in issue. Adjustment (c), which is the first adjustment in issue, is explained in the deficiency notice as follows: "(c) It has been determined that you are entitled to deduction for $1,473.29 ordinary and necessary entertainment expenses not in violation of public policy and inasmuch as you deducted the amount of $3,881.32 the difference of $2,408.03 has been restored to income." At the hearing petitioner conceded that he would be unable to prove something in excess of $500 of the amount disallowed by the Commissioner. In other words, of the $2,408.03 disallowed by the Commissioner something over $500 in any event would still remain dissallowed. The upshot is that petitioner sought to prove deductions which would aggregate $1,431.04 in excess of the $1,473.29 entertainment expenses which the Commissioner allowed in his determination of the deficiency for 1948. Adjustment (e) is explained in the deficiency notice as follows: "(e) It is held that *52 the amount withheld by Brown Forman Distillers Corporation as cost of whiskey samples shipped direct and other expenditures made in your behalf, the amount of $25.00 has been proven to be expense not paid in connection with entertainment of state officials, employers or persons with political influence. Inasmuch as you deducted the amount of $810.08 the difference of $785.08 has been restored in income." Adjustment (f) is explained in the deficiency notice as follows: "(f) It is held that you are not entitled to deduction of attorney's fee claimed by you in the amount of $6,000.00 as having been paid to your brother. Therefore the amount deducted by you or $6,000.00 has been restored to your income." The deficiency for 1949 was due to the following adjustments: (a) State sales tax
$ 143.00
(b) Automobile expense
159.48
(c) Entertainment expense
2,110.00
(d) Attorney's fee
1,800.00
(e) Interest income
744.94
The petition assigns errors as to adjustments (c) and (d) but at the hearing petitioner conceded that he would be unable to offer satisfactory evidence as to adjustment (c). Therefore, that adjustment will stand as it was originally made by the Commissioner. *53 Adjustment (d) for 1949, which the petitioner still contests, is explained in the deficiency notice as follows: "(d) It has been held that you are not entitled to deduction for attorney's fees claimed by you in the amount of $1,800.00 as having been paid to your brother. Therefore the amount of $1,800.00 deducted by you has been restored to your income." The petitioner by appropriate assignments of error contests the correctness of respondent's adjustments which are still in issue. Findings of Fact Petitioner Maurice E. Harvey is a resident of Oneonta, Alabama. He filed his returns for the calendar years 1948 and 1949 on the cash receipts and disbursements basis with the Collector of Internal Revenue for the District of Alabama. The sale of alcoholic beverages in the State of Alabama is a state monopoly, being under the control of the Alcoholic Beverage Control Board, sometimes hereinafter referred to as the A.B.C. Board. During the years 1948 and 1949, petitioner was employed by the Brown-Forman Distillers Corporation of Louisville, Kentucky, sometimes hereafter referred to as Brown-Forman. He was also engaged in making loans and in farming. Petitioner entered into a written *54 contract with Brown-Forman for the period May 1, 1947 through April 30, 1948, and later for the period May 1, 1948 through April 30, 1949. Each of these contracts contained the following provisions: "You are to pay all your normal expenses, such as travel, meals and so forth. You will also be expected to procure your own Albama State Permit. No expenses incurred by you will be paid by Brown-Forman without prior approval by an executive of the home office." All sales of alcoholic beverages in Alabama are required to be made directly to the Board. Attorney's Fees Taxpayer's brother, C. B. Harvey (Bruce Harvey), sometimes hereinafter referred to as Bruce, was, during 1947, 1948, and 1949, a practicing attorney in Oneonta, Alabama. Before entering into the first contract with Brown-Forman in 1947, petitioner carried it to Bruce for his examination and opinion as to its legality and the legal consequences which might follow. This opinion was rendered to petitioner. Bruce also examined and passed upon the legality of the renewal contract which was executed in 1948 for the period beginning May 1, 1948 and extending through April 30, 1949. During the year 1948, petitioner paid Bruce *55 certain sums of money as follows: On February 17, 1948 by cash taken
from savings account Citizens
Bank of Oneonta
$ 500.00
On March 5, 1948 by cash taken
from savings account Citizens
Bank of Oneonta
2,000.00
On April 29, 1948 by cash taken
from savings account Citizens
Bank of Oneonta
500.00
On May 3, 1948 by cash taken from
savings account Citizens Bank of
Oneonta
500.00
On December 31, 1948 made a pay-
ment of $500.00 and assumed note
of $2,000.00 which was afterward
paid, but not in 1948.
During 1948, Bruce made out certain notes and mortgages, gave opinions on titles, worked on abstracts, made collections, kept records of collections and loans, and looked after petitioner's farm. For looking after the farm, it was agreed that the sum of $300 would be paid. The $300 was included in the cash payments above listed. During 1949, Bruce made notes and mortgages, gave opinions on titles, worked on abstracts, made collections and loans, and looked after petitioner's farm. For looking after the farm, the amount of $300 was paid. This was part of the $1,800 fee paid for 1949. The amount of $1,800 for 1949 was paid in 1949, as follows: May 1949 - Cash
$1,200.00
June 28, 1949 - Bank Debit
200.00
July 18, 1949 - Check to Mattawanna
Farms
200.00
August 29, 1949 - Check #391
200.00
$1,800.00
*56 Under the contracts examined by Bruce sales of Brown-Forman in Alabama in 1948 amounted to $975,053.31, for which petitioner was paid commissions in excess of $30,000. In 1949, petitioner's compensation was changed from a commission basis to a salary. Entertainment Expenses Petitioner's income tax returns for the years 1948 and 1949 were prepared by Julian Graves, an accountant of Oneonta, Alabama. In the preparation of the returns, petitioner furnished him with copies of weekly reports which he furnished to his principal, his canceled checks, and his cash disbursements and the returns were made from tabulations of these records. The examining revenue agent, according to the testimony at the hearing, allowed and disallowed for the year 1948, the following items classified on the return as entertainment expenses: Item
Return
Allowed
Disallowed
1
$ 690.04
Meals and entertainment
$ 690.04
2
323.12
Kentucky Derby expenses
$ 323.12
3
120.28
Fishing party, Mobile, Ala.
120.28
4
53.40
Trip to Panama City
53.40
5
83.00
Trip advertising
83.00
6
202.00
Football tickets
202.00
7
212.00
Football tickets
212.00
8
305.00
Ad Club Convention
305.00
9
146.00
Christmas Carnival
146.00
10
64.00
Quarterback Party
64.00
11
246.00
Mardi Gras at Mobile
246.00
12
318.00
Sugar Bowl football game in New Orleans
318.00
13
278.00
Party to 3 people, names not given
278.00
14
741.00
Christmas cash gifts and presents to busi-
ness and club organizations
185.25
555.75
15
99.56
99.56
$3,881.40
$1,473.29
$2,408.11
*57 That petitioner expended the amounts of the above was never in question but those which were disallowed by the Commissioner in his determination of the deficiency were disallowed on the ground that they were not deductible expenses under section 23 (a) (1) (A). The following is a summary of the amounts which the Commissioner allowed to petitioner as deductible entertainment expenses in his determination of the deficiency for 1948: Meals and entertainment
$ 690.04
Ad Club Convention
305.00
Christmas Carnival
146.00
Quarterback Party
64.00
Trip with Co. Adv. Representative
83.00
Christmas Gifts
185.25
$1,473.29 The allowance of these items above of the $3,881.40 claimed on petitioner's return for 1948 is not in issue. We find that the evidence justifies respondent's disallowance of the remainder of the entertainment deductions claimed by petitioner for 1948 on his return. Samples of Whiskey Distributed During the calendar year 1948, there was deducted from petitioner's commission checks from Brown-Forman the sum of $810.08 which represented amounts charged to him by his employer, Brown-Forman Distillers Corporation. These amounts are shown as Item "C" *58 in the petition and details thereof as developed by evidence at the hearing are set out below: Charge for samples distributed to
users of whisky
$ 97.20
Charge for samples distributed to
users of whisky
201.58
Charge for samples distributed to
users of whisky
114.10
Charge for samples distributed to
users of whisky
372.20
Registration fee "National Associ-
ation Monopoly State Whiskey
Men"
25.00
$810.08 These samples of whiskey were generally in pints. These amounts were disallowed by the Commissioner with the exception of $25. None of these samples of whiskey were given to members of the A.B.C. Board or to any of its employees. Opinion BLACK, Judge: Petitioner states the issues in his brief as follows: "The Questions for Decision are whether or not the following items are allowable deductions: "I. The amount of $6,000.00 attorney's fee paid, in 1948 and the amount of $1,800.00 attorney's fee paid, in 1949. "II. The amount of $2,408.03 promotional and entertainment expense, in the year 1948. "III. The amount of $785.08 deducted as a business expense, which item was deducted from remittances to petitioner by the Brown-Forman Distillery, *59 in the year 1948." We think the foregoing statement is a fair statement of the issues which still remain for us to decide and which are raised by the pleadings. The applicable statute and regulations are printed in the margin. [1]
*60 Issue 1 Attorney's Fees This issue is involved in both taxable years. Petitioner claimed a deduction of $6,000 paid to his brother Bruce as attorney's fees in 1948, and $1,800 paid to him in 1949. The evidence shows that Bruce was an attorney practicing in Oneonta, Alabama, during the taxable years in question. He is now deceased, having been killed in an automobile accident. During both of the taxable years he was retained as petitioner's attorney and performed considerable legal services for him in each of the taxable years. Petitioner testified that he paid Bruce $6,000 for these legal services in 1948, but included in this claim of $6,000 was "December 31, 1948 assumed note of $2,000.00 which was afterwards paid." There is no evidence that this $2,000 note of Bruce, which petitioner assumed on December 31, 1948, was paid in 1948. In fact, the evidence is to the effect that it was not paid in 1948. Petitioner filed his returns on the cash basis and is only entitled to take as deductions cash which he actually paid out in the taxable year. The assumption and agreement to pay the obligation of another is not payment of such obligation and would not be deductible until actually *61 paid. Cf. Walter J. Bemb, 5 T.C. 1335. Therefore, this $2,000 cannot be allowed as a deduction for 1948 because it was not paid in 1948. It is not claimed for 1949. That leaves $4,000 which petitioner paid Bruce as attorney's fees in 1948. Respondent does not seem to question that petitioner has proved that he paid Bruce $4,000 in 1948. Respondent does argue, however, that such sum of $4,000 was much too high for any legal services that Bruce rendered to petitioner. Respondent claims that he was justified in disallowing the entire amount. We disagree. The evidence shows that when in 1947 the contract with Brown-Forman was entered into by petitioner he submitted it to Bruce for his legal opinion and also when the renewal contract came up in 1948, it was submitted to Bruce for his legal opinion. Large sales were made to the A.B.C. Board of Alabama under the terms of these contracts and under their terms petitioner was paid considerable sums of money, both in 1948 and 1949. He has returned these sums as taxable income and there is no issue as to them. Payment was not made by petitioner to Bruce in 1947 for his services in examining and advising as to the contract entered *62 into in that year but was made in 1948 for examining and passing upon both the original contract in 1947 and its renewal in 1948. Petitioner, being on the cash basis, is entitled to take whatever deduction he is entitled to receive in the year when paid, 1948. In addition to his services in examining and passing upon the contracts which petitioner had with Brown-Forman, Bruce rendered to petitioner the following services: made out certain notes and mortgages, gave opinions on titles, worked on abstracts, made collections, kept records of collections and loans, and looked after petitioner's farm. For looking after petitioner's farm it was agreed that the sum of $300 would be paid. This $300 payment was included in the $4,000 payment above referred to. We think we have no reason to disallow petitioner a deduction of $4,000 attorney's fees in 1948 on the ground of unreasonableness. Petitioner introduced the testimony of a witness, R. G. Kelton, who was an experienced practicing attorney in Oneonta, Alabama, and his testimony was to the effect that he regarded the attorney's fees which petitioner paid to Bruce as reasonable for the services rendered. We have no testimony to the contrary. *63 We, therefore, hold that the $4,000 which petitioner actually paid Bruce in 1948 is deductible under section 23 (a) (1) (A) as ordinary and necessary business expenses. For reasons already stated, we hold that $2,000 of the $6,000 claimed by petitioner on his return is not deductible in 1948 because it was not paid in 1948. As to this $2,000, we sustain respondent. Now as to 1949, petitioner claimed as a deduction on his return the sum of $1,800 as attorney's fees paid to Bruce in that year. Of the $1,800 attorney's fees claimed by petitioner on his return as a deduction, respondent contends that $400 of the amount was paid to Bruce, not as attorney's fees but for managing his farm known as Mattawanna Farms and that petitioner has not proved that this amount is deductible. Petitioner's income tax return for 1949 is in evidence and it shows that petitioner took a deduction in that year for a farm loss amounting to $963.36. However, it does not appear that the $300 which petitioner paid Bruce in that year for managing his farm was included in his loss of $963.36 in the farm operation. We conclude from the evidence in the record that it was not so included. After careful consideration *64 we conclude that petitioner should be allowed as a deduction under section 23 (a) (1) (A) of the Code, $1,800 paid to Bruce in 1949 as attorney's fees and for managing his farm. Issue 2 Entertainment Expenses In his income tax return for 1948, petitioner claimed a deduction for entertainment expenses of $3,881.32. The Commissioner in his determination of the deficiency for 1948 allowed $1,473.29 of these claimed entertainment expenses and he disallowed $2,408.03 of the amount claimed. Our findings of fact show which of the items claimed have been allowed by respondent and which have been disallowed. It does not require any citation of authorities to establish the principle that the determination of respondent is presumed to be correct and that the burden of proof is on petitioner to show that respondent's determination is in error. As to the items of entertainment expense disallowed by the Commissioner in 1948, we do not think the petitioner has met his burden of proof. In fact, from the evidence which petitioner himself introduced, we would say affirmatively that these items are not deductible under section 23 (a) (1) (A). We shall not undertake to discuss all of these items *65 in detail but a few will illustrate what we mean. For example, take the Mobile fishing trip for which $120.28 deduction was claimed by petitioner and disallowed by respondent. The persons who accompanied petitioner on this trip were concededly his personal friends. We think the expense was in the nature of a personal expense and is not deductible. The same may be said of the trip which petitioner and some friends took in May 1948 to witness the Kentucky Derby. Petitioner claims a deduction of $323.32 for this trip and the Commissioner has disallowed it. We think the Commissioner should be sustained in his disallowance. Petitioner has failed to show where it was an ordinary and necessary business expense. Petitioner claimed as a deduction in 1948 the amount of $318 for tickets and other expenses incurred and paid in attending the Sugar Bowl football game in New Orleans. The Commissioner disallowed this deduction as not properly deductible under section 23 (a) (1) (A). We sustain respondent in this disallowance. Petitioner has not shown that it was an ordinary and necessary business expense under the statute and regulations involved. This will suffice, we think, as to a discussion of *66 the items disallowed by the Commissioner and which disallowances we sustain. Issue 3 Distribution of Samples of Whiskey As has already been mentioned, petitioner was sales representative in Alabama of Brown-Forman Distillery Corporation and he received a commission on all sales made to the A.B.C. Board in Alabama. It was agreed between petitioner and Brown-Forman that he would pay his own expenses. Brown-Forman shipped to petitioner during the year 1948 certain samples of whiskey. These samples were shipped to the A.B.C. Board and by that Board were delivered to petitioner for whom they were designated by Brown-Forman. The evidence was to the effect that these samples were for the most part in pints and that they were used by petitioner as gifts to individuals whom he knew to be consumers of Brown-Forman whiskey and whom he desired to stimulate in the continued use thereof, or to individuals who were whisky drinkers and whom he wanted to induce to use Brown-Forman whiskies instead of other brands. None of such samples were given to members of the A.B.C. Board or to any of its employees. Petitioner was positive as to that fact in his testimony and it was not contradicted by any *67 evidence. There is no issue about the amount of these expenditures as they were shipped by Brown-Forman and charged to petitioner's commission account. Respondent makes no contention that petitioner has not returned as a part of his gross income all commissions for the sale of liquor to the A.B.C. Board. After a consideration of all the evidence, we hold that these amounts were deductible as ordinary and necessary business expenses, except $89.40. As to this $89.40, we do not think it represented an ordinary and necessary business expense under section 23 (a) (1) (A) and we approve the Commissioner's disallowance of it. It was similar in nature to some of the claimed entertainment expenses which we have discussed under Issue 2 above and which we have disallowed. Decision will be entered under Rule 50. Footnotes
1. INTERNAL REVENUE CODE. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * * SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x); REGULATIONS 111. Sec. 29.23(a)-1. Business Expenses. - Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, except the classes of items which are deductible under sections 23(b) to 23(z), inclusive, and the regulations thereunder. * * * advertising and other selling expenses, * * *↩