Estel L. and Audrey D. Cheeseman v. Commissioner.
Cheeseman v. Commissioner
Docket No. 4619-69 SC.
United States Tax Court
T.C. Memo 1969-259; 1969 Tax Ct. Memo LEXIS 35; 28 T.C.M. (CCH) 1334; T.C.M. (RIA) 69259; December 4, 1969, Filed. Estel L. Cheeseman, pro se, 3203 - 106th Ave. S.E., Bellevue, Wash. Lee A. Kamp, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency of $79.86 in the petitioners' Federal income tax for 1967. The only issue presented is whether petitioners are entitled to a deduction of $319.41 for interest which was added to insurance policy loans. This is a fully stipulated case. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Estel L. and Audrey D. Cheeseman (herein called petitioners) are husband and wife whose legal residence was Bellevue, Washington, at the time they filed their petition in this proceeding. Petitioners filed their joint Federal *36 income tax return for the year 1967 with the district director of internal revenue, Tacoma, Washington. During the year 1967 the petitioners were on a cash basis of accounting. Petitioners maintained three insurance policies, two with the New England Mutual Life Insurance Company of Boston, Massachusetts, and one with the National Service Life Insurance Company (Veterans Administration), Chicago, Illinois, during the year 1967. Petitioners had two policy loans with the New England Mutual Life Insurance Company, and on June 9, 1967, the note principals were increased and a portion of the increase was applied as current interest due on the original principals to the date of the loans. The details with respect to these two loans are as follows: Loan No. 1
Loan No. 2
New principal of loan
$6,766.34
$1,307.00
Old principal of loan 6,334.96
1,043.87
Increase
431.38
263.13
Cash to taxpayers 251.00
224.00
Applied to interest
$ 180.38
$ 39.13
Interest on loans No. 1 and No. 2 normally was due and payable on the anniversary date of the insurance policies, i. e., November 6 and August 6. Interest after the policy anniversary dates was paid in cash *37 by petitioners and deducted on the returns. The amount of $219.51 claimed as interest expense on the loans from New England Mutual Life Insurance Company is at issue. 1335 Petitioners also had a loan on an annuity policy with the National Service Life Insurance Company (Veterans Administration) in the amount of $4,257.71, upon which interest of $170.31 was due on May 27, 1967. On May 24, 1967, petitioners paid $70.31 of this interest and increased the loan balance $100 as of May 27, 1967, to reflect the additional $100 interest due on the loan. Petitioners claimed and deducted $100 as interest expense, which is at issue herein. The totals of the increased loans on the three insurance policies approximate the maxium loanable amount, which cannot exceed 95 percent of the cash surrender values of the policies. In his notice of deficiency dated June 11, 1969, respondent disallowed the claimed interest expense of $319.41 with the following explanation: The deduction of $3,028.65 claimed for interest is not allowed to the extent of $319.41 because it has not been established that the amounts added to life insurance policy loans for interest accrued to the date of the loans constitute *38 interest paid within the meaning of Section 163 of the 1954 Internal Revenue Code. Petitioners contend that the interest added to the insurance policy loans was 78defacto facto paid" and therefore they should be entitled to the claimed interest deduction. In his oral argument Estel Cheeseman stated: Should the interest deduction be disallowed at this time, I will be unjustly and forevermore denied what is legally due me. There will be no legal way to attain the deduction at a future date by artificially claiming interest payment at such a time, because the New England Mutual records show all interest on loans for 1967 as having been fully paid in 1967. The receipts provided me so indicate. The arguments pertaining to interest paid on the National Service Life policy are essentially the same as the above. At the time of the request for the additional loan, the National Service Life was specifically and pointedly directed by me to transact the loan in a manner that would engender no penalty taxwise or otherwise on the transaction. National Service Life made no mention of the need for any exchange of checks to validate a claim for payment of the interest. *39 Such an exchange would have given me proof of payment of interest, thus avoiding the problems which I now face. Respondent, on the other hand, argues that the statutory requirement of payment is not fulfilled under these circumstances, so that the petitioners are not entitled to the interest deduction. We agree with the respondent. Section 163(a), Internal Revenue Code of 1954, provides that "there shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." This Court has held that a taxpayer on the cash basis may not deduct interest on an insurance policy loan if it is not paid but, when due, is added to the amount of the loan. See Nina Cornelia Prime, Executrix, 39 B.T.A. 487 (1939), which followed S. E. Thomason, 33 B.T.A. 576 (1935). If such interest which has been added to the principal amount of the loan is later paid, the amount will be treated as interest, deductible as such by a cash basis taxpayer. It is also well settled that a taxpayer on a cash basis cannot deduct interest owing to an insurance company which is deducted by the company from the proceeds of a new loan with balance *40 remitted to the taxpayer. Keith v. Commissioner, 139 F. 2d 596 (C.A. 2, 1944), affirming a Memorandum Opinion of this Court. See and compare Walter J. Bemb, 5 T.C. 1335 (1945); Cleaver v. Commissioner, 158 F. 2d 342 (C. A. 7, 1946), affirming; 6 T.C. 452 (1946); and Nat Harrison Associates, Inc., 42 T.C. 601 (1964). Accordingly, we conclude that respondent correctly disallowed the claimed interest deduction of $319.41. Decision will be entered for the respondent.