WATERS F. BURROWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87787.  Promulgated August 3, 1938.

*Richard J. Mackey, Esq.*, for the petitioner.
*J. C. Maddox, Esq.*, for the respondent.

OPINION.

Opper: This proceeding involves a deficiency of $1,846.21 in income tax for the year 1933. The petitioner stipulated at the hearing that no issue was being raised regarding the statute of limitations, which is proper in view of the waiver signed by him which is in evidence. Only three issues remain:

1. The petitioner claims that profits from stock sales made in a marginal account in the taxable year do not constitute income, since the profits were not withdrawn and in the following year the petitioner's account was closed out by the brokers, with a debit balance due from him. This contention is without merit, since under the revenue act income is computed on an annual basis. There is no authority in the statute for suspending the profits realized in one year to determine whether they will be lost in a subsequent year. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359. And the fact that petitioner did not withdraw profits to which he had an absolute right does not diminish their attribute as income received. *Margaret Wilson Baker*, 30 B. T. A. 188; affd., 81 Fed. (2d) 741.

2. The petitioner claims the deduction as a bad debt of $6,000 paid for a second mortgage on real estate in Bronxville, New York. Respondent requests us to find that in 1933 the first mortgage was foreclosed and that the mortgagor was adjudicated a bankrupt and we do so find. This left nothing for the second mortgage holder. The petitioner had assigned the record title to this mortgage to his wife before 1933 and they made separate returns in 1933, neither claiming a deduction for this bad debt. He testified that he was the beneficial owner of the mortgage in 1933. In a letter written by him on March 10, 1936, to the internal revenue agent in charge at Jacksonville, Florida, he stated that the mortgage had been conveyed to his wife in payment of certain debts which he owed to her, but he also stated that the note or bond which the mortgage secured "was never transferred to my wife." If this was the fact, and there is no contrary evidence, the debt itself remained the property of petitioner. It is doubtful whether in fact under such circumstances the attempt to transfer the mortgage was effective. *Bloomingdale* v. *Bowman*, 4 N. Y. S. 60. See also *Harold S. Denniston*, 37 B. T. A. 834. But in any event it is the indebtedness represented by the note or bond and not the mortgage securing it which petitioner is claiming as a deductible loss on the ground that it is a bad debt. Under these circumstances we conclude that petitioner has sustained his burden of proof that the debt was owed to him. Nor can there be any substantial doubt that the identifiable events resulting in worth-

lessness took place in the year 1933. Not only did the foreclosure of the first mortgage destroy any value to petitioner which the security might have had, but the debtor went into bankruptcy and was discharged in the tax year. The debt having been ascertained to be worthless, it was not necessary that petitioner charge it off, since he kept no books. "Since the petitioners kept no books of account the requirement that the bad debts be charged off before they can be claimed as a deduction does not apply to them." *H. E. Newton*, 7 B. T. A. 1153. *Frank A. Spencer*, 21 B. T. A. 859; *Stephenson* v. *Commissioner*, 43 Fed. (2d) 348. And in this case failure of petitioner to take the deduction on his tax return is not significant as it was in *Rufus H. Syfers*, 22 B. T. A. 736. There, there was room for serious doubt whether in fact the debt was worthless and failure to charge off on petitioner's books or at least to claim the deduction on his tax return was regarded as evidentiary of petitioner's own failure to regard the debt as worthless. Here we think there is no substantial doubt that the debt in fact became worthless in 1933 and was so regarded by petitioner, and that therefore petitioner's failure to claim the amount in his return is not material. See *Peters* v. *United States*, 10 Fed. Supp. 145; *Mitchell* v. *Page*, (Not reported.) (U. S. Dist. Ct., Ga., Apr. 25, 1938). We may add that petitioner's wife also failed to claim the deduction in her return, although her income subject to surtax was in excess of the face amount of the debt. We conclude that petitioner is entitled to deduct the amount of the bond or note from his gross income.

3. The petitioner claims the deduction as a business expense of $221.43 incurred in his practice of medicine in former years which was paid in the taxable year after the petitioner had retired from practice. The petitioner is on a cash basis, so that the year when these expenses were paid rather than when they were incurred is controlling. The fact that during the taxable year the petitioner was not continuing his practice does not prohibit the deduction, since the statute does not require continuation of a business in which expenses are incurred. Sec. 23 (a), Revenue Act of 1932. See *Burnet* v. *Marston*, 57 Fed. (2d) 611, applying the similar language of the net loss section. Neither do the regulations make any such requirement. Regulations 77, arts. 121, 125. This deduction is allowed.

*Decision will be entered under Rule 50.*