James S. Price and Mae D. Price v. Commissioner.
Price v. Commissioner
Docket No. 94396.
United States Tax Court
T.C. Memo 1963-172; 1963 Tax Ct. Memo LEXIS 173; 22 T.C.M. (CCH) 818; T.C.M. (RIA) 63172; June 20, 1963
Frederic S. Kramer, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioners' 1958 income tax in the amount of $1,240.98. The issue is whether petitioner James S. Price, a cash basis taxpayer, constructively received an item of $5,000 income in 1958. All of the facts are stipulated and are found accordingly. James S. Price, hereinafter referred to as petitioner, and his wife, Mae D. Price, filed their joint income tax return for 1958 with the district director of internal revenue, Manhattan District, New York, New York. Petitioner, who is *174 a practicing attorney in the City of New York, kept his books and filed his income tax return on the cash receipts and disbursements method of accounting. Paragraph 8 of the stipulation of facts is as follows: 8. The taxpayer was retained in 1957 for legal services by Jessie W. Kennedy and the Chase Manhattan Bank, who were the executors of the Estate of Thomas F. Kennedy, Deceased. The fee agreed upon for such services was $20,000.00 but there were no agreements as to the manner or the time of payment. In 1957 the executors paid the taxpayer $7,500.00 in three installments of $2,500.00 each. In March of 1958 the taxpayer received another $2,500.00 payment from the executors. This payment in March, 1958 made a total payment of $10,000.00 on account, and the executors thereupon informed the taxpayer that he would receive nothing more until the affairs of the Estate were concluded. The Chase Manhattan Bank informed the taxpayer that it wanted the Estate wound up and concluded on its books before the end of the year 1958. The remaining amount of the taxpayer's fee of $10,000.00 had been earned and was due the taxpayer as of December 19, 1958. Subsequent to December 19, 1958, the executors *175 offered to pay the balance of taxpayer's fee of $10,000.00 advising the taxpayer that the $10,000.00 remaining to be paid was unconditionally available. The taxpayer requested that $5000.00 be paid to him anytime before the end of the year 1958, as it was his intention to report $5000.00 on his 1958 income tax return. Taxpayer requested further that a check for the remaining $5000.00 be mailed to him by the bank on the last day of the taxable year, December 31, 1958, which would be received by him after January 1, 1959, and which he intended to report on his 1959 income tax return. The Chase Manhattan Bank commanded the taxpayer to take the $10,000.00 between December 19, 1958 and December 31, 1958 in order that their books could be closed with respect to this matter. On December 22, 1958 the taxpayer received a check for $5000.00 and on January 2, 1959 he received a check for another $5,000.00 from the Chase Manhattan Bank. The latter $5,000.00 check received by the taxpayer on January 2, 1959 was mailed by the Chase Manhattan Bank to the taxpayer on December 31, 1958 pursuant to the request of the taxpayer. Petitioner did not include the final $5,000 payment from the executors *176 in his 1958 gross income. [1]
Respondent's notice of deficiency increased petitioner's 1958 income by $5,000 and explained that it was determined the "fee payment of $5,000.00 mailed to you on December 31, 1958 * * * was constructively received by you in 1958 and is reportable as income in that year." As stated, petitioner computed and reported his taxable income on a calendar year basis and under the cash receipts and disbursements method. Generally the gross income of such a taxpayer for the taxable year includes all items which are "actually or constructively received" during the calendar year. Sec. 1.446-1(c)(1)(i), Income Tax Regs.
It is respondent's contention that under the stipulated facts the $5,000 check mailed to petitioner by the Chase Manhattan Bank on December 31, 1958 and received by petitioner January 2, 1959, constitutes an item of income constructively received by petitioner during the year 1958 and therefore should have been reported in his 1958 income tax return. *177 The doctrine of "constructive receipt" treats as taxable, items of income that are unqualifiedly subject to the demand of the cash basis taxpayer or substantially made available to him, even though such income has not actually been received in cash by the taxpayer. Sec. 1.451-2(a), Income Tax Regs; Aramo-Stiftung v. Commissioner, 172 F. 2d 896, affirming 9 T.C. 947; Hamilton Nat. Bank of Chattanooga, Administrator, 29 B.T.A. 63; Blum v. Higgins, 57 F. Supp: 140; James E. Lewis, 30 B.T.A. 318; and Waters F. Burrows, 38 B.T.A. 236. Section 1.451-2(a), Income Tax Regs., provides, in part: Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account or set apart for him so that he may draw upon it at any time. * * * [2]
*178 In Hamilton Nat. Bank of Chattanooga, Administrator, supra, the pertinent statement was made that: "A taxpayer may not deliberately turn his back upon income and thus select the year for which he will report it." It is clear from the stipulated facts that the doctrine of constructive receipt is applicable here. Petitioner had completed all services for the executors as of December 19, 1958 and the executors wanted to pay him the $10,000 balance due for said services immediately. It is stipulated the said $10,000 balance due was "unconditionally available" to him and that he requested the executors to defer payment of $5,000 of said balance so that he would actually receive possession of the $5,000 check by mail delivery after December 31, 1958. In short, he was attempting to select 1959 as the year for payment of income that he had earned in 1958 and which was unconditionally available to him that year. Respondent was right in his determination that the $5,000 was constructively received by petitioner in 1958 and should have been reported in that year's income. Decision *179 will be entered for the respondent. Footnotes
1. There seems to be no dispute that he did include this $5,000 payment in his 1959 income.↩
2. This Regulation is substantially similar to prior regulations extending back to, and including Article 53 of Regulations 45 under the Revenue Act of 1918. In his dissenting opinion in Weil v. Commissioner, 173 F. 2d 805, Chief Judge L. Hand begins with this observation on the origin of the "constructive receipt" doctrine: The "constructive receipt" of income is a creation of the Treasury, aimed at preventing taxpayers from selecting the year in which it will be most to their advantage to include in their gross income such items as those here at bar. * * *↩