William Shutly, Petitioner v. Commissioner.
Shutly v. Commissioner
Docket No. 474-66.
United States Tax Court
T.C. Memo 1968-24; 1968 Tax Ct. Memo LEXIS 273; 27 T.C.M. (CCH) 116; T.C.M. (RIA) 68024; February 8, 1968. Filed William Shutly, pro se, 745 Salem Ave., Dayton, Ohio.Roberts, for the RESPONDENT. 117 TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax for the taxable year 1963, in the amount of $1,706.10, against William Shutly and Florence J. Shutly. The sole issue for our determination is whether William Shutly, a cash basis taxpayer, may deduct for the year 1963 the amount of a $6,000 liability that he incurred in connection with his trade or business for that year, but on which he made no payments until after 1963. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. William Shutly (the sole petitioner [1] and hereinafter *274 sometimes referred to as petitioner) and Florence J. Shutly are husband and wife, and at the time of the filing of the petition resided in Dayton, Ohio. They filed a joint Federal income tax return (Form 1040) for the taxable year 1963, with the district director of internal revenue, Cincinnati, Ohio. During the taxable year petitioner owned and operated Tele-Sales Co., a sole proprietorship. Tele-Sales Co. published a medical directory which was distributed free of charge to doctors, drug stores, and hospitals. Its income was derived mainly from sales of advertising in the directory. Petitioner reported his 1963 income on the cash basis. However, petitioner included in the deduction claimed on his tax return for "Other business expenses" pertaining to Tele-Sales Co., an accrued but unpaid printing cost in the amount of $6,000. Respondent determined, in the statutory notice, that the deduction in the amount of $6,000 was not an allowable deduction for the petitioner because he employed the cash *275 receipts and disbursements method of accounting. Opinion The only question raised is whether petitioner, a cash basis taxpayer, may deduct the amount of the liability that he incurred in 1963 even though he made no payments until after the year end. There is no question that petitioner employed the cash receipts and disbursements method of accounting as he stated on his tax return. Also, there is no dispute that the payments reducing this liability were not made by petitioner until sometime after 1963. Petitioner's primary purpose in filing his petition herein, as we understand it, was to enlist the aid of the Court in working out a payment schedule with respondent. No matter how much sympathy we might have for petitioner, as we informed him at trial, this is not within the statutory jurisdiction of this Court, and we can do nothing in this respect. In disposing of the case, the rule is that a cash basis taxpayer may not deduct an otherwise deductible expense until payment is made. See sections 1.446-1(c)(1)(i) and 1.461-1(a)(1), Income Tax Regs.; Eckert v. Burnet, 283 U.S. 140, 51 S.Ct. 373 (1931); Helvering v. Price, 309 U.S. 409, 60 S.Ct. 673 (1940); *276 Corinth State Bank 14 B.T.A. 1162 (1929); Milton D. Eisner, Executor, 9 B.T.A. 210 (1927); Main Properties, Inc., 4 T.C. 364 (1944); Waters F. Burrows [Dec. 10,108], 38 B.T.A. 236 (1938). Therefore, we hold that petitioner may not deduct in 1963 the amount of the $6,000 liability incurred in that year for printing cost. As the other issues raised by the statutory notice of deficiency have been conceded by petitioner, Decision will be entered for the respondent. Footnotes
1. On October 21, 1966, this Court granted respondent's motion to dismiss the case for lack of jurisdiction insofar as it relates to Florence J. Shutly. This motion was not contested.↩